## THE BEAR RIVER AND AUBURN WATER AND MINING COMPANY v. JOHN BOLES, WM. STRAP, AND JOHN G. PRAGUE.  No. 2.

NUISANCE—WHEN MAY BE ABATED.—While a ditch by which the waters of a stream have been appropriated is out of repair, and not in condition to carry any water, an action will not lie to abate, as a nuisance, a reservoir constructed across the bed of the stream, above the head of the ditch, by which the water of the stream is collected and detained, and caused to flow unequally.

SAME.—The reservoir does not become a nuisance until the ditch has been repaired, and placed in a condition to carry the water.

WITNESS — OBJECTION TO. — An objection to the competency of a witness, on the ground of interest, should be made at the time his interest is first shown, or it will be deemed waived.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Tuttle & Fellows*, for Appellant.

The instruction given by the Court was calculated to mislead the jury, under the facts of the case.   If plaintiff owned the ditch and water right, the fact that the ditch was out of repair would not justify defendants in stopping the flow of water.   But defendants, themselves, had washed away the head of the ditch, and refused to allow plaintiff to repair it.

We contend that plaintiff's instruction, asked and refused, correctly states the law.   It is not for defendants to say what use plaintiff should make of its own property, or when it shall use it.

Under the law, as laid down by the Court, if A. erects an oil mill close by B.'s house, where he resides with his family, and B. is thereby compelled temporarily to move, an action to abate the nuisance would not lie, or, in other words, B. and his family must continue to inhale the offensive odor until the jury deliver their verdict.   (See Practice Act, Sec. 249 ; *Eberhard* v. *Tuolumne Water Co.* 4 Cal. 308 ; *Hudson* v. *Doyle*, 6 Cal. 102 ; *Parke* v. *Kilham*, 8 Cal. 77.)

*Jo Hamilton,* for Respondents.

If the ditch of plaintiff and appellant was not in condition to carry water, then, as a matter of course, plaintiff could maintain neither of these suits.

The damage, or injury, or right of action, must be present, existing, and not prospective or problematical. As well might the creditor sue on his debt a year in anticipation of its maturity, as could the plaintiff in this suit maintain an order abating what may, perchance, some time *in future,* prove itself to be a nuisance. Hence, in no view of the case, could appellant recover in this action.

By the Court, SAWYER, J.

The complaint alleges that the plaintiff is the owner of a ditch cut for the purpose of conveying the waters of Rock Creek to certain mining localities, for sale; that defendants, before the commencement of the suit, constructed two reservoirs in the bed of Rock Creek, above the head of plaintiff's said ditch, by means of which the waters of Rock Creek are collected and detained from one day to a week at a time, and then let down in large quantities by opening the gates of said reservoirs; that, by these means, the waters of said streams are not allowed to flow regularly, or with a uniform current, to said ditch; that if said waters flow down said ditch with an uniform and uninterrupted current, said plaintiff has now, and has had for more than six months last past, a market for the same, by which it now can and could heretofore have realized about one hundred dollars per week for the same, by sale to quartz and and placer miners—and that he would have said market for a great length of time hereafter; that by the interruption of the regular flow of the waters, as before stated, the plaintiff's customers are unable to use the same; that the market and sale of the said waters depend entirely on the uniform and natural flow of said waters; that if the interruption continues, the plaintiff will lose from fifty to one hundred dollars per week; that defendants are insolvent, and will be

unable to respond in damages ; that said reservoirs are a nuisance ; and that the damages already accrued amount to five hundred dollars.  Plaintiff prays judgment for the damages alleged, that the nuisance be abated, and the defendants be enjoined from obstructing in future the regular and uniform flow of said water.

The defendants, in their answer—after denying most of the material allegations of the complaint, and claiming a right to the waters in themselves—allege, among other things, that for a long term of years said ditch has ceased to convey any water, and has been mined away at its head, and at various other places, and since 1856 has been disused, and has neither carried nor been in a condition to carry any water ; that said plaintiff, in and since 1856, sold water to various miners from another ditch owned by plaintiff, and that said miners, with the waters so purchased of plaintiff, with the knowledge, approbation, and consent of the plaintiff, washed away and destroyed the ditch described in the complaint to such an extent that it was wholly destroyed and unfit for conveying any water, and that since 1856 to the present time, the said ditch, by reason of said washing away and destruction, has been and still is wholly unfit to carry any water.  They deny that said waters have flowed in said ditch since 1856, or that said reservoirs have in any manner affected the flow of said waters into said ditch.  They aver that if plaintiff had a ditch to convey the waters collected in said reservoirs, they would be as useful to plaintiff as they otherwise would be ; that for the want of any ditch sufficient or fit to carry the said waters, the same flow down Rock Creek, after being used by defendants, past the head of the ditch described in the complaint ; that plaintiffs are not in a condition to use said waters until they rebuild the ditch which has been washed away as before stated.

The verdict of the jury and the judgment thereon were for the defendants, and plaintiff appealed.

On the trial, defendants introduced testimony, under objection and exception on the part of the plaintiff, tending to prove

the destruction and condition of the ditch as alleged in the answer, and the Court instructed the jury as follows: "In determining the proposition whether defendants' reservoirs are a nuisance, you will look at all the evidence as to plaintiff's ditch and dam being out of order, and unable to carry the water, and.take all the testimony that has been given into consideration." To the giving of which plaintiff excepted, and these rulings are relied on as error.

We think there was no error in admitting the testimony, or giving the instruction based upon it. The question was, whether the reservoirs were a nuisance in the then present condition of things—not whether they might become a nuisance at some future time, when the plaintiff might see fit to put its ditch in a condition to enjoy its right to the water. The plaintiff only had a right, by virtue of prior appropriation, to the use of the water in its natural flow. Other parties above were equally entitled to its use, so long as it was used in such a manner as not to injure the plaintiff. If plaintiff's ditch and dam had, for seven years, or any less period of time, as defendants claim, been in such a condition that it was impossible to turn the water into the ditch, or for the ditch to carry it, the plaintiff could not be injured, or the reservoirs become a nuisance, until the ditch should be repaired and placed in a condition to be available for the purpose designed. An action could not be maintained to abate the reservoirs, as a nuisance, till they actually became such. There is no claim that plaintiff was entitled to or desired the water for any other purpose than to convey in their ditch for sale.

But the plaintiff says there was also evidence tending to show that in 1860, a year or more before the reservoirs were built, the defendants themselves washed away plaintiff's ditch and dam, and that plaintiff at that time endeavored to repair it, and was prevented from doing so by the defendants, and for this reason the instruction was erroneous and liable to mislead the jury. There are two answers to this: Firstly—the plaintiff is sueing to abate a present nuisance, erected long since the transactions referred to, and not to recover damages

for destroying plaintiff's dam and ditch in 1860, and a recovery must be had, if at all, upon the case stated in the complaint. Secondly—it is a question for the jury to determine what facts are established by the evidence, and they might have found against the plaintiff on that point. They were, therefore, entitled to "look at the evidence" referred to, as directed by the Court, in connection with the other evidence in the case. For the same reasons, the instruction asked by plaintiff (which was precisely the reverse of the one given and just considered) was properly refused.

The defendants called one John Tyler as a witness. His first testimony was: "I am a member of the Boles claim; bought in when he did, and purchased from the same parties." He then went on, without any objection, and testified at considerable length upon the merits of the case. After which the "plaintiff, by his attorney, moved to strike out the testimony of said witness, Tyler, because he was interested. Defendant objected, and the Court sustained the objection, and plaintiff excepted to the ruling of the Court." This ruling is assigned as error. Admitting, for the purpose of the decision, the notice given under section four hundred and twenty-two of the Practice Act to be insufficient to authorize the witness to testify, we think the plaintiff waived the objection on the ground of interest by not taking it in time. The witness distinctly informed them at the threshold of his testimony that he was interested. Then was the time to make the objection. Parties will not be permitted to experiment upon a witness by admitting his testimony without objection, and, if it turns out to be favorable, accept it; but, if unfavorable, move to strike it out. Had the plaintiff been ignorant of the interest of the witness till it was developed by his testimony at this point of the trial, and the plaintiff, as soon as the interest was discovered, had moved to strike out his previous testimony, the Court would, doubtless, have granted the motion, if there was no other legal reason for denying it. But all the testimony sought to be struck out was taken without objection, after the witness had informed plaintiff and the

Court of his interest; and the motion was properly denied on the ground that the objection came too late.

The last error relied on in appellant's brief is that the verdict is not warranted by the evidence, and is against law. It is hardly necessary to say that the record does not present a case which, under the uniform decisions of this Court, would justify us in reversing the judgment on this ground.

No error having been brought to our notice, the judgment is affirmed.