S. K. MILLER *et al.*, Defendants in Error, *v.* M. D. FAULK *et al.*, Plaintiffs in Error.

1. *Mechanic's lien—Notice signed by one of several joint contractors, for all, sufficient.*—In suit on a mechanic's lien, brought by several joint contractors, the notice of suit required by the statute (Gen. Stat. 1865, p. 768, § 19; Wagn. Stat. 911, § 19), need not be signed by each contractor, but will be sufficient if signed by one for all.

    A mechanic's lien filed by joint contractors first gave the several names of the lienors, and afterward referred to them as "the said 'A.' & Co." The paper was signed by the firm name. *Held,* that the lien was sufficient under the statute (Wagn. Stat. 909, § 6), although it was not formally alleged that the lienors composed the firm name of "'A.' & Co."

2. *Mechanic's lien, suit upon—Party defendant—Church.*—In suit on a mechanic's lien for work done on a church, plaintiff may bring suit without making the church corporation a party defendant.

### *Error to First District Court.*

This was a suit commenced in the Cole Circuit Court by plaintiffs, upon a mechanic's lien filed against the Presbyterian church in the City of Jefferson. The title of the suit is, "S. K. Miller, M. L. Miller, and S. N. Sheldon v. The Presbyterian Church," etc. Defendants answered, setting up amongst other things that the defendant, the Presbyterian Church, was a corporation, and must be sued as such. Plaintiffs moved to strike out that part of the answer, which was sustained, and the defendant excepted. Plaintiffs offered to read in evidence the notice and mechanic's lien, both of which were ruled out, and plaintiffs took a nonsuit, with leave to set aside, and the case came to the District Court by writ of error.

For statement see also opinion of the court.

*King Bros.*, and *Ewing & Smith*, for plaintiffs in error.

I. This action can not be maintained because plaintiffs sue as individuals and make no allegation of partnership, and the notice is signed by S. K. Miller & Co., and the mechanic's lien is signed in the same way.

II. The Presbyterian Church is a corporation, and can be sued only by its corporate name; and there must be an allegation in the petition that it is a corporation in this State. (Ang. & A. Corp., § 643, and authorities cited; Welton v. Pacific R.R., 34 Mo. 358.)

III. The Circuit Court did not err in excluding the mechanic's lien as evidence, because the lien is signed by S. K. Miller & Co., sworn to by S. K. Miller, and there is no statement in the lien that those seeking the benefit of the lien are partners; nor does it state who compose the firm of S. K. Miller & Co.

*E. L. Edwards & Son*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This suit is brought by S. K. Miller, M. S. Miller, and S. N. Sheldon, sub-contractors, against W. D. Faulk, principal contractor, and certain other parties as owners, to enforce a mechanic's lien.

1. At the trial the notice given by the plaintiffs to the owners was objected to and ruled out upon the ground that it was not signed by each of the plaintiffs. It was signed " S. K. Miller & Co.," and the plaintiffs are not alleged to have been partners doing business under that name.

The statute (Gen. Stat. 1865, p. 768, § 19) does not in terms require the notice to be either in writing, or that it should be signed. It was decided, however, in Schulenberg v. Bascom, 38 Mo. 188, that the notice must be both in writing and signed. But it would, in my opinion, be carrying the doctrine of that decision quite too far to hold that the notice must not only be signed, but that it must be signed by each one of several joint contractors. Here there were three of these contractors, and the notice was signed by one of them, as for all, in the manner already

stated. The notice, as thus authenticated, gave definite information of the character and amount of the claim, and was sufficient to put the owners on their guard in dealing with the principal contractor, and that is what the notice was designed to accomplish. The objection urged against it is technical and without merit.

2. The lien filed with the circuit clerk was signed in the same way, and was ruled out on the same ground. The lien starts out by giving the names of the plaintiffs as the lienors, and they are then referred to, in the subsequent part of the paper, as " the said S. K. Miller & Co." This, although inartificial, answered the purposes and requirements of the statute. The statute (Gen. Stat. 1865, p. 766, § 5) simply requires the filing of an accurate account, with the credits, a description of the property intended to be charged, and the name of the owner or contractor, or both if known. The plaintiffs also gave their own names in full, as parties to the lien, as well as the names of the owner and contractor. No one could be mistaken as to the claim or the parties asserting it. It would be quite unwarranted to defeat the lien because it was not formally alleged that the plaintiffs composed the firm of S. K. Miller & Co.

3. The petition avers that the plaintiffs contracted with Faulk, and that Faulk contracted with the other defendants. Whether or not this was so, depended upon the proof. The suggestion in regard to the corporate character of the church furnishes no ground for excluding the plaintiffs' evidence proving the notice and filing of the lien. The statute (§ 9) requires the " parties to the contract " to be joined in the suit, and permits the joining of all parties in interest. A party in interest who is not joined can not be affected by the result. All that the statute requires, however, is that the parties to the contract shall be joined. A personal judgment may be taken against the contractor, although the lien fails altogether. But the plaintiffs aver that the legal title to the premises is in certain parties who are joined as defendants. The title is held in trust, as the petition avers, for the use and benefit of the " members of the Presbyterian church of Jefferson City, Missouri." What effect these proceedings

will have upon the rights of members of the church who are not joined as defendants, it is not necessary to decide.

4. There is no force in the objection that the work sued for was done under two contracts. Whether the work was done as one job or two, can make no difference, since the lien was filed in season to meet either view. All that is decided in Livermore v. Wright, 33 Mo. 31, is that a lien filed in season to hold for a subsequent job will not draw after it and save the lien for a prior, disconnected, and independent job, even though the statute had run upon the latter as a separate and independent transaction.

The judgment of the District Court, reversing that of the Circuit Court, will be affirmed. The other judges concur.