PECKHAM, J., reads opinion for affirmance. All concur.

Upon the appeal of the administrator et al.:

PECKHAM, J., reads for reversal. All concur.

---

JARED P. MIX, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

SAMUEL D. WILDE, Respondent, *v.* THE SAME, Appellant.

J. D. HOYT CHAMBERLAIN, Respondent, *v.* THE SAME, Appellant.

SAMUEL D. WILDE, Respondent, *v.* THE SAME, Appellant.

These four causes argued together February 28, 1872; decided March 1, 1872.

*A. P. Laning* for appellant.

*G. W. Cothran* for respondent.

Agree to reverse as to all but one penalty, and affirmed as to one penalty and excess of fare paid.

Decided on opinion in *Fisher* v. *The N. Y. C. R. R. Co.* (46 N. Y., 644).

---

SOPHIA ANDERSON, Executrix, etc., Respondent, *v.* CHARLOTTE B. DILLAYE, Appellant.

(Argued February 25, 1872; decided March 26, 1872.)

ACTION to foreclose a mechanic's lien. The legal title to the property was in defendant, but it was claimed that it was paid for out of a trust fund in her hands. *Held,* that whatever may have been the fund with which the property was purchased, as between her and those with whom she dealt, she was the owner of the premises within the meaning of the statute.

In the notice of lien, the wages of the persons employed by the plaintiff were charged at fifty cents per day more than was actually paid, the fifty cents being for plaintiff's compensation or profits upon the labor. The referee, in his report, separated the amount actually paid from the allowance or profits charged. *Held*, that the plaintiff's testator was not restricted to the precise sum paid to the employes, but was entitled as well to a lien for the value of the services employed by him; that the separation of the items was not a departure from the bill of particulars, and was not error. The other questions presented were decided upon the facts in the case.

*S. D. Dillaye* for appellant.

*F. Hiscock* for respondent.

RAPALLO, J., reads opinion for affirmance.
All concur.
Judgment affirmed.