[No. 3,433.]

## JOSEPHINE KOHLBERG v. CELIA ANN BENTON, ADMINISTRATRIX OF THE ESTATE H. P. BENTON, DECEASED.

DIRECTION IN DECREE AS TO APPLICATION OF PROCEEDS OF SALE, NOT A JUDGMENT.—A clause in a decree enforcing a mortgage directing the Sheriff, out of the proceeds of the sale of the mortgaged property, to satisfy a judgment against the plaintiff in the foreclosure suit in favor of a third person, is not a judgment in favor of such third person (even if he is a party thereto) and against the defendant in the foreclosure suit, nor does it give such third person any cause of action against such defendant in the foreclosure suit.

APPEAL from the District Court of the Seventh Judicial District, County of Mendocino.

CAL. REPS. XLV—34

The judgment in favor of Wichelhausen and against Johnson was recovered in the above Court on the 26th day of May, 1868, and was for the sum of five hundred and forty dollars and sixty-three cents, bearing interest, a part of it at two per cent per month, and part of it at ten per cent per annum. Wichelhausen assigned it to plaintiff December 26th, 1870.

Johnson's judgment on foreclosure against Benton was recovered April 16th, 1870, and was for one thousand and twenty-seven dollars and ninety-one cents, and thirty-one dollars and twenty-five cents costs. The decree directed the Sheriff to pay out of the first money collected on the sale the sum of six hundred and twenty-three dollars and fifty-three cents, being the amount due on the judgment of Wichelhausen against Johnson; and the decree also contained this recital: "The defendant in this action having been garnished in said action of B. Wichelhausen against this plaintiff, by the Sheriff of Mendocino County, by virtue of an execution issued upon said judgment on the 30th day of May, 1868." Nothing appeared in the complaint about a garnishment except the above, which was inserted by way of recital.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*Bond & Kelton,* for Appellant.

The complaint does not inform us at whose instance the order was made. It does not show that Wichelhausen was a party to the suit, or any proceeding in it, nor does it show that Benton, the defendant, had any notice of the application for the order, or any opportunity to resist it. In fact, the order does not affect Benton in the slightest, it being evidently an arrangement between Johnson and Wichelhausen, and was probably made upon stipulation between

them. It mattered not to Benton what became of the money after he paid it to the Sheriff, and had the Court directed the Sheriff to pay it all to a stranger Benton could not have complained. Benton was not aggrieved by the order, and had no right to have it set aside, even if it had been wrong. The order does not pretend to give any right to Wichelhausen against Benton. It is not directed to or against Benton, and creates no right in favor of Wichelhausen, except as against Johnson, to have the money of the latter (after payment to the Sheriff) applied to his use. The order is not a judgment in favor of Wichelhausen against Benton in any sense, and if it were the judgment would be void, unless Wichelhausen was a party or privy to the suit. "A judgment is of no force, except between parties and privies." (*Becket* v. *Selover*, 7 Cal. 228.) Even on the supposition that Wichelhausen was Johnson's successor in interest to a part of the judgment, it would not give Wichelhausen a right to sue on that part. It is an established principle that an entire cause of action cannot be split so as to authorize a multiplicity of suits. (*Smith* v. *Jones*, 15 Johnson, 228; *Fish* v. *Folley*, 6 Hill, 55; *Nightingall* v. *Scannell*, 6 Cal. 509.)

If this suit can be maintained there would be two judgments against defendant, one an offshoot of the other, both embracing a part of the same demand, and both of which could be enforced.

The Court will bear in mind that this is no action on a garnishment. No garnishment is plead. The order alluded to recites the fact that Benton was garnished; but that is no evidence that he was garnished, and if it was evidence, there is no allegation which makes it relevant. The proceeding of garnishment is a suit in the strictest sense; and the defendant has his day in Court, and is entitled to a trial by jury.

*J. B. Lamar*, for Respondent.

[No brief on file.]

By the COURT:

Wichelhausen held a judgment against Johnson which has been assigned to Josephine Kohlberg, the plaintiff here.

Johnson, the judgment defendant, was at the same time a creditor of Benton, the defendant's intestate, and held a mortgage upon the property of the latter to secure his debt. It would appear that some proceedings of garnishment had been instituted by Wichelhausen against Benton as a debtor of Johnson, but the record does not set them out. Subsequently Johnson brought an action against Benton to foreclose the mortgage. The Court inserted a direction in the decree of foreclosure that a named amount of the moneys realized at the foreclosure sale should be applied by the Sheriff to satisfy the Wichelhausen judgment against Johnson.

This direction seems to have been complied with by the Sheriff, and the moneys arising upon the foreclosure sale have been applied to the payment of the Wichelhausen judgment, but a large balance of that judgment remains unsatisfied. Under these circumstances, Benton having in the meantime departed this life, the plaintiff makes claim against his estate for the unpaid balance of the Wichelhausen judgment.

A demurrer was interposed to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and we are of opinion that it should have been sustained.

As remarked in substance already, the action does not rest upon the proceedings in garnishment, whatever they were, but altogether upon the direction we have referred to as contained in the Johnson-Benton decree.

Supposing that Wichelhausen or his assignee, the plaintiff here, had been a party to the foreclosure decree in which this direction is found—which neither of them was—it is to be observed that the entire scope of the decree in that respect was limited to the appropriation of *a portion of the proceeds of the mortgage* sale to satisfy the Wichelhausen judgment. There was no judgment that Benton or his estate should be generally liable to pay the Wichelhausen-. Johnson judgment. Johnson seems to be still the owner of the decree he obtained against Benton, and the liability of the estate of Benton, if any, thereon, would be to Johnson and not to the plaintiff here nor her assignee.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.