John B. Chambers, Respondent, v. Josephine F. Benoist et al., Appellants.

**St. Louis Court of Appeals, April 19, 1887.**

1. **Mechanic's Liens—Title not Involved.**—In a proceeding to enforce a mechanic's lien, the title to the property sought to be charged with the lien can not be litigated.

2. —— One who is in possession of, and exercising acts of ownership over, the property, is *prima facie* such an owner as will subject his interest therein to the lien, and can not demand that the extent of his title be proved.

3. INSTRUCTIONS—HARMLESS ERROR.—An erroneous instruction which can not, under the uncontroverted evidence, prejudice the appellant, is not ground for the reversal of the judgment.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Affirmed.*

GEORGE W. ROYSE, for the appellants: The plaintiff, being a contractor, must show a contract with the owner of the property, upon which the repairs were made, and there is a total absence of evidence as to both of these defendants. *Sibley v. Casey*, 6 Mo. 164; *Hause v. Thompson*, 36 Mo. 450; *Hause v. Carroll*, 37 Mo. 578; *Bridwell v. Clark*, 39 Mo. 170; *Porter v. Tooke*, 35 Mo. 107. The instructions were erroneous. *Yeats v. Ballentine*, 56 Mo. 530; *Eyerman v. Mt. Sinai Cemetery Ass'n*, 61 Mo. 490; *Davis v. Brown*, 67 Mo. 313.

LEANDER J. SMITH, for the respondent: Title is not an issue in a mechanic's lien case. *Cole v. Barron*, 8 Mo. App. 509.

THOMPSON, J., delivered the opinion of the court.

This was an action by a principal contractor against a married woman, her husband, and her trustee, to enforce a mechanic's lien against certain property, the legal title to which is described as vested in the trustee to the sole and separate use of the married woman. The petition recites the making of a contract with the married woman, for the doing of certain work, and the furnishing of certain materials of the agreed price of two hundred and fifty dollars, and also the doing of certain extra work, at the request of the married woman, for which she agreed to pay the reasonable value thereof, which reasonable value is alleged to have been $74.75. The work alleged to have been performed, and the materials alleged to have been furnished, both under the special

contract and under the supplementary agreement for extra work, are itemized with sufficient detail. The account, as stated, admits a credit of one hundred dollars, and the petition prays judgment for the balance of $224.75. It also states the filing of a mechanic's lien, in pursuance of the terms of the statute, against the building and one acre of surrounding ground, describing it, and prays that the plaintiff may have a lien upon this acre of land, together with the improvements thereon.

The answer contained three counts. The first denied each and every *material* allegation of the petition, and the other two set up separate counter-claims. It is to be observed that the first count of the answer was a bad pleading within the decision of the supreme court in *Edmonson v. Phillips* (73 Mo. 58); but, as held in that case, the plaintiff, having treated it as a general denial by going to trial upon the issue which would have been made by it if it had been a good pleading, waived the right to object to it upon this appeal.

The plaintiff offered evidence tending to support the allegations of his petition throughout; the making of the special contract between him and Mrs. Benoist, and the doing of the work, and the furnishing of the materials thereunder; the making of the agreement with her for the extra work; that the extra work was done, and that the charges made for the extra work were the reasonable value of the various items of such work; and, further, that the plaintiff had filed a mechanic's lien in compliance with the terms of the statute. The defendants offered no evidence whatever. The objections which were made in the court below, and which are renewed upon this appeal, hardly deserve serious consideration. The petition, save for some verbal inaccuracies, was well drawn and supports the judgment which was rendered.

The judgment was not a general judgment against the three defendants, or either of them. It was simply a statement of the conclusion of law, which arose upon

the verdict of the jury, that the plaintiff was entitled to recover the sum of two hundred and twenty dollars, assessed by the jury in their verdict; that the plaintiff was entitled to a lien for this amount upon the property described, and that he have a special execution therefor. Under the judgment a general execution could not issue against the defendants or either of them.

It was not necessary, in order to make out the plaintiff's case, to prove that Mrs. Benoist was the owner of the property. The question of the ownership of the property does not arise in the proceeding to enforce a mechanic's lien. The fact that Mrs. Benoist ordered the improvements goes to show that she assumed to exercise proprietary rights over the property. This, at least, was *some* evidence of ownership. If, in point of fact, she has no interest in the property, the purchaser at the sheriff's sale under the special execution will get no title; and whether he gets a title or not, will be a matter to be settled in a future proceeding. *Cole v. Barron*, 8 Mo. App. 509, 512.

The charge that the items in the account are general, indefinite, uncertain, and vague, is not well founded.

The instruction on which the case was put to the jury was to the effect, that the plaintiff was entitled to a verdict for the value of the work done and materials furnished by him. As the petition counted upon two contracts, the first for a balance due under a special agreement fixing the price, and the second for a balance due upon an agreement to pay the reasonable value, the instruction was inaccurate; but as the jury returned a verdict for less than the amount which the plaintiff claimed, and which, upon the undisputed evidence, he was entitled to, the defendant was not prejudiced by the informality of this instruction.

The judgment will be affirmed. It is so ordered. All the judges concur.