[No. 1247.]

JOHN ROSINA, RESPONDENT, v. N. S. TROWBRIDGE, APPELLANT.

ACTION TO ENFORCE LABOR LIEN ON A MINE—NECESSARY PARTIES DEFENDANT—LEGAL TITLE—PLEADING.—Action to enforce a lien for labor performed upon a mine. Defendant was a partner and held the legal title in trust for the benefit of the firm of N. S. Trowbridge & Co. He pleaded this fact in his answer, alleging knowledge thereof by plaintiff. *Held*, that such portion of the answer was properly stricken out, the other members of the firm not being necessary—*although proper*—parties to the suit.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—STATEMENT MUST SPECIFY PARTICULAR ERROR.—The ground of insufficiency of the evidence to justify the verdict or other decision, on motion for a new trial, will not be considered on appeal unless the statement specifies the particulars in which such evidence is alleged to be insufficient. (Civ. Pr. Act. 197.)

FINDINGS REVIEWED—SUFFICIENCY OF EVIDENCE.—The evidence, specified in the statement as insufficient, reviewed and held sufficient to sustain the findings, except in one respect. (See opinion as to facts.)

OBJECTIONS TO EVIDENCE—GROUNDS OF, MUST BE STATED.—The statement shows that objections were made to the admission of certain evidence, but fails to state that any grounds of objections were stated. *Held*, that objections thus made will not be reviewed in the appellate court.

ACTION TO ENFORCE LABORER'S LIEN—EVIDENCE AS TO OWNERSHIP OF THE MINE.—Plaintiff was asked: "Do you not know for a fact that the same parties who comprised the firm of N. S. Trowbridge & Co., at the time you worked, owned the mine?" *Held*, that it was immaterial what plaintiff then knew in regard to the ownership of the mine, and that ownership in the other members of the firm of an interest in the mine did not affect the defendant's liability.

IDEM—EVIDENCE—CONTRACT FOR LABOR—ERROR WITHOUT PREJUDICE.—Plaintiff worked on defendant's mine under a contractor, who by written contract with defendant was to pay employees a certain *per diem*. Plaintiff had knowledge of such contract, and worked thereunder. Defendant offered in evidence the written contract, which was excluded but was afterwards permitted to give oral testimony as to the amount the contractor was to pay. Plaintiff's objections to the oral testimony were sustained, but it was not stricken out, and the jury found in accordance with defendant's testimony. *Held*, that the exclusion of the written contract, although error, did not prejudice defendant.

IDEM — LIABILITY OF OWNER — STATUTE REQUIRING WRITTEN NOTICE
TO BE POSTED — VERBAL NOTICE INSUFFICIENT. — Defendant offered
to prove by two witnesses that they gave plaintiff personal notice
that neither the defendant nor N. S. Trowbridge & Co. would be
responsible for any indebtedness under the contract. The statute
provides that such notice, to be effective, must be given by posting a
notice in writing, etc. *Held,* that the court did not err in excluding
the offered proof of personal notice. (Leonard, C. J.)

IDEM — MODIFICATION OF JUDGMENT. — The court, on motion for new
trial, stated that the finding that plaintiff was ignorant of the con-
tract between Roddick and Trowbridge & Co., and did not work
under it, was wrong. *Held,* that this statement was not a finding,
and that the court should have granted a new trial or modified the
judgment by plaintiff's consent. (Judgment modified by appellate
court.)

IDEM — ENFORCEMENT OF LIEN — DEFENDANT'S INTEREST TO BE SOLD.—
*Held,* upon the facts of this case that the decree for the enforcement
of plaintiff's lien should be limited to a sale of defendant Trowbridge's
interest in the mine.

APPEAL from the District Court of the Fifth Judicial District,
Nye County.

The facts are stated in the opinion.

*David S. Truman,* for Appellant.

I. The court erred in striking out the allegations in defend-
ant's answer as to the ownership of the mine. These averments
constituted matter in abatement of the action against N. S.
Trowbridge. (*McDonald* v. *Backus,* 45 Cal. 262; Hawes Par.
Sec. 103; Gen. Stat. 3036; Phill. Mec. L. Sec. 394, 399.) The
party seeking a lien is only entitled to have it against the land
or premises belonging to the person or persons who caused the
improvements to be made thereon. (Gen. Stat. 3810, 3816;
Phill. Mec. L. Sec. 188.) This applies to interests both legal
and equitable. Partnership property must first be applied to
the payment of partnership indebtedness. By allowing this plea
in the answer, the rights of the plaintiff could not have been
prejudiced and the proper and necessary parties would have been
before the court. Mechanics' lien laws do not change the relations
of parties to contracts. (Phill. Mec. L. Sec. 392.)

II. The contract set forth in complaint and lien is special.
(*Lane* v. *McElhany,* 49 Cal. 421.) Plaintiff after alleging a special
contract cannot rely on an implied contract. (Phill. Mec. L.,
Secs. 119, 437, and cases there cited. *Lonkey* v. *Wells,* 16 Nev.
274.)

III. In this case there has been no substantial compliance with the law, hence no right of lien. (*Wood* v. *Wrede*, 46 Cal. 637; *Goss* v. *Strelitz*, 54 Cal. 643; *Malter* v. *Falcon M. Co.*, 18 Nev. 212.)

IV. The rulings of the court upon the questions relating to the ownership of the mine were erroneous. If plaintiff knew the facts of ownership, it would disprove the claims of ownership and reputed ownership as set out in the lien. A resulting trust may be proved by parol evidence. (1 Perry on Trusts, Sec. 137; *Strumpfler* v. *Roberts*, 18 Penn. St. 283.)

V. In the modification of its former judgment, the court held · that the plaintiff performed the work he did under neither the contract alleged or proved by him on the trial, but under the Roddick, Trowbridge & Co. contract. There was no such issue sustained on the part of the plaintiff by his evidence on the trial; he had no such pleading in the case, and he is not aided by anything on the part of the defendant, as the court, at his request, excluded all the evidence regarding this contract. It was not before the court, and instead of modifying the judgment the new trial should have been granted of the entire cause. The contract being excluded on the trial there was no issue on this contract. The judgment does not come within the issues. made by the pleadings, and cannot be sustained. (*Marshall* v. *Golden F. M. Co.* 16 Nev. 174; *Swan* v. *Smith*, 13 Nev. 260; *Morenhout* v. *Barron*, 42 Cal. 605; *Devoe* v. *Devoe*, 51 Cal. 544; *Boggs* v. *Merced M. Co.*, 14 Cal. 357.)

VI. The court did not restrict the judgment to the interest of N. S. Trowbridge in the property, but rendered the broad judgment of an entire sale of the premises and the appropriation of all the funds arising therefrom to the payment of plaintiff's claim. I maintain this cannot be done, as the other parties to the contract, who should have been made parties to this action have not been brought in, hence no judgment of the court can affect their rights. (Freem. Judg. Secs. 348, 356, 357; Phill. Mec. L. Secs. 394, 397; Gen. Stat. 3816.)

VII. The court erred in refusing to admit the testimony of Roddick and Brown that they gave plaintiff personal notice that neither N. S. Trowbridge nor the partnership would be responsible for any indebtedness contracted or accruing for work done under the Roddick contract, for on such proof being made, by showing actual notice, it was not necessary to post notice on

the mine, as against this plaintiff, for by such notice being shown, it would operate as a waiver of his lien, if after having such notice, he continued to work. (Phill. Mec. L. Secs. 273, 272, 98, 118 ; *Harmon* v. *Salmon Falls M. Co.,* 35 Me. 447; 58 Am. Dec. 718.)

*Curler & Bowler,* for Respondent.

I. The questions presented by the statement show a substantial compliance with the statute on the part of plaintiff. A strict observance of both the letter and spirit of the law was adhered to. The questions of fact were fully supported by the evidence in plaintiff's favor.

II. The court did not err in striking out portions of. defendant's answer, as this did not in any manner prejudice the right of defendant Trowbridge.

The question of partnership was not involved in the case.

III. Under an allegation of a contract to pay a specified rate by compensation, plaintiff may prove a promise to pay what the services were reasonably worth, or an *implied* promise to pay *usual* compensation. (Abb. Tr. Ev., 367; *Ruiz* v. *Norton,* 4 Cal. 355; 60 Am. Dec. 618; *Ludlow* v. *Dole,* 1 Hun. 715; *King* v. *Brown,* 2 Hill, 485; *Nones* v. *Homer,* 2 Hilt. 116; *Fells* v. *Vestvali,* 2 Keyes 152; *Ludlow* v. *Dole,* 62 N. Y. 617.)

Any variance between the allegation and the proof in respect of an agreement, whether express or implied, may be considered immaterial and disregarded. (*Bennett* v. *Judson,* 21 N. Y. 238; *Rogers* v. *Verona,* 1 Bos. 417; *Gorum* v. *Carey,* 1 Abb. Pr. 285; *Fort* v. *Gooding,* 9 Barb. 371; *Morgan* v. *Mason,* 4 E. D. Smith, 636; *Cornell* v. *Masten,* 35 Barb. 157; *Hamilton* v. *Gridley,* 54 Barb. 542; *Feeter* v. *Heath,* 11 Wend. 477; *Harrington* v. *Baker,* 15 Gray, 538.)

The defendant objected to the admission of testimony, and the objections were overruled. The objections were properly overruled as there was no ground whatever stated. This court cannot review the ruling under such circumstances. (*People* v. *Apple,* 7 Cal. 289; *Kiler* v. *Kimbal,* 10 Cal. 268; *Morgentham* v. *Harris,* 12 Cal. 245; *Satterlee* v. *Bliss,* 36 Cal. 489; *Owen* v. *Frink,* 24 Cal. 171; *Dreux* v. *Domec,* 18 Cal. 83; *State* v. *Jones,* 7 Nev. 415; *Sharon* v. *Minnock,* 6 Nev. 382; *State* v. *Soule,* 14 Nev. 455; *Lightle* v. *Berning,* 15 Nev. 389; *Langworthy* v. *Coleman,* 18 Nev. 443.)

By the Court, LEONARD, C. J.:

Action to enforce a lien for labor performed by plaintiff upon the "Two G." mine described in the complaint. Appeal from judgment and order overruling defendant's motion for a new trial. The following facts are undisputed : When plaintiff performed the work, and up to and including the time of trial, defendant was the owner of the legal title to the premises in question, the same having been conveyed to him by sheriff's deed. Before plaintiff commenced work, Henry Roddick entered into a contract with N. S. Trowbridge & Co., whereby the latter agreed to furnish the Two G. mine for the use of the former, who undertook to extract ores upon certain agreed terms. Roddick worked the mine under the contract. He had charge of the mine and work; employed and discharged the men, including the plaintiff. Defendant and the other members of the firm had knowledge of the contract, and of the work and improvements being done on the mine, but no notice was ever posted as required by section 9 of the lien law, (Gen. Stat., 3816). In the lien claim filed, and in the complaint, it was stated and alleged that defendant, N. S. Trowbridge, was the owner, and that plaintiff was employed by Roddick as the agent of defendant. In his answer defendant denied that he was owner, or that Roddick was his agent, or the agent of N. S. Trowbridge & Co., or that plaintiff performed any work for him or the firm, in or upon said mine, or that he was employed by either; but he admitted that Roddick, having charge and control of the mine under the agreement, employed plaintiff upon certain terms stated, and that plaintiff performed the labor for Roddick. He alleged that plaintiff was employed by Roddick to work for him, and not for defendant or the firm, and that plaintiff so understood his contract of employment, and that he performed his work knowing that Roddick was not the agent of defendant or of the firm. In addition to the above, defendant alleges, in substance, as follows: That, at the times mentioned in the complaint, N. S. Trowbridge, Morton C. Fisher and J. M. English were partners carrying on mercantile business under the firm name of N. S. Trowbridge & Co.; that, prior to the execution of said contract between the firm and Roddick, N. S. Trowbridge & Co. purchased said property at sheriff's sale, and, before plaintiff had concluded his work, received a deed there-

for, duly executed and delivered by the sheriff; that ever since said time said firm has owned, and now owns, said property; that defendant now holds, and at all times has held, the title to said property in his name, in trust for the firm of N. S. Trowbridge & Co., and that plaintiff knew the same; that said property was purchased at sheriff's sale with, and paid for out of, the partnership funds of N. S. Trowbridge & Co., and for partnership uses and purposes. The answer showed that at the time the lien was filed the partnership no longer existed, the period during which it was to continue having passed. There is no allegation or proof of any partnership indebtedness.

1. On motion of plaintiff the court struck out the portion of the answer, alleging the partnership, the ownership of the mine by the firm, the holding of the title by defendant in trust for the partnership, and the knowledge thereof by plaintiff, on the ground that the same constituted no defense to the action. The action is against defendant, one of the alleged partners, for the purpose of enforcing the lien against defendant's interests in the premises described. True, a personal judgment against defendant, in case of deficiency, was prayed for in the complaint, and granted by the court in the original judgment; but the personal judgment is not contained in the judgment as modified from which the appeal is taken. Would proof of the allegations struck out have defeated plaintiff's action, in whole or part, or did the expunging of those allegations deprive defendant of any material defense that he was entitled to make? We shall not stop to inquire whether defendant, being in the situation stated, is such a representative of the other persons named, his former partners, as that a decree against him, and a sale thereunder, would be binding upon them as well as himself. That question is not in the case. In *Gould* v. *Wise*, 18 Nev. 258, it was decided that, under section 9 of the lien law, (Gen. Stat. 3816,) the interests of owners of reduction works may be subjected to lien claims for labor performed in running the works for a lessee, if, knowing the labor is being performed, the owners fail to give the notice required by statute. It cannot be doubted that according to the doctrines of that decision the interests of the owner or owners of the Two G. mine were chargeable with a lien for plaintiff's labor, for it is not pretended that any notice was posted. It is equally clear that the entire interests of the three persons named were subject to the

lien. In other words, it cannot be doubted that plaintiff might have subjected the entire property to the influences of his lien claim, if he had stated, in his claim filed, that defendant was the owner of the legal title, but that he and the two other persons named were the owners of the equitable title; and had otherwise complied with the lien law, and had brought his action against the three. But he did not do so. He stated, in his lien claim, that defendant was the owner, and reputed owner, and, in his complaint, that defendant was the owner, and made such alleged owner the only defendant, praying for judgment directing a sale of the premises described, to the extent of defendant's rights therein at the time the work was commenced, and the lien filed, in satisfaction of his claim and costs. In discussing the question before us we must consider it true that the property was held and owned as stated in the answer, and that plaintiff was cognizant of the fact. The record does not show that defendant asked the court to make his former partners parties to the action, but he did plead the facts stated, and, if from those facts they were necessary parties, they ought to have been brought in. Did not plaintiff have the right to bring his action against defendant alone, and sell his interest in the property, if he was content to do so? It is certain that his former partners were not necessary parties in order to pass the legal title. (*In re Smith*, 4 Nev. 263; 97 Am. Dec. 531; *Kay* v. *Whittaker*, 44 N. Y. 572; *Eagle Fire Co.* v. *Lent*, 6 Paige Ch. 637; *Emigrant etc. Bank* v. *Goldman*, 75 N.Y. 131; *Green* v. *Dixon*, 9 Wis. 537; Pom. Rem. & Rem. Right, Sec. 342.) And all the authorities hold that persons not made parties are not affected by the judgment. In *Miller* v. *Faulk*, 47 Mo. 264, the court say: * * * "But the plaintiffs aver that the legal title to the premises is in certain parties who are not joined as defendants. The title is held in trust as the petition avers, for the use and benefit of the ' members of the Presbyterian church of Jefferson City, Mo.' What effect these proceedings will have upon the rights of members of the church who are not joined as defendants it is not necessary to decide." (And see *Mississippi Planing M.* v. *Presbyterian Church*, 54 Mo. 521.) In that case the contractor and trustees of the church were made defendants. The latter were alleged to be trustees and owners of the church building upon which plaintiff claimed his lien. The trustees filed an answer in which, after denying all the material allegations in the petition, they

averred as follows: "That they are only trustees of the Presbyterian church, * * * which said church is a corporation, by that name duly incorporated under the laws of this state; and that as such incorporation it held the legal and equitable interest in the lot and building described in the petition; and that said defendants are only the trustees of said church and corporation, and have no title or interest in the said premises as such trustees. The defendants further aver that said church, so incorporated as aforesaid, has an equitable interest in said lot and premises, * * * and which it sought to be charged with said lien; and that the plaintiff had knowledge of said equitable interest at the date of its alleged contract with said Faulk, and of the filing of its supposed lien; and that said church and corporation is not made a party defendant to this action; wherefore it is averred that said church . or corporation cannot be made liable under a judgment obtained in this form; and that these are not proper parties defendants to the record; and that said suit should be dismissed;" etc. Said the court: "It is further insisted by the defendants in this case that the evidence of the witnesses shows that the Presbyterian church is a corporation, and should have been made a party to the suit, as it had an equitable interest in the property to be affected. * * * The defendants sued were the persons who made the contract for the building, and who held the legal estate in the premises to be charged. They being proper parties, if other parties in interest were not also made parties, that fact would not defeat the action. The only effect that could result would be that the judgment in the case might not, and in some cases would not, affect the interests of those who were not made parties."

Our lien law makes no provision concerning parties. It only provides that "said liens may be enforced by an action in any court of competent jurisdiction on setting out in the complaint the particulars of the demand, with a description of the premises to be charged with the lien; " but the provisions of the civil practice act are applicable to actions of this kind, as they are in cases for the foreclosure of mortgages. A mechanic's lien is a charge on real estate, created by law, in the nature of a mortgage, to secure the payment of money due for work done thereon, or materials furnished therefor. (*Otis* v. *City of Boston*, 12 Cush. 44.) The foreclosure of a mechanic's lien is subject to the same rules as foreclosure of a mortgage, as respects par-

ties. (*Whitney* v. *Higgins*, 10 Cal. 547; 70 Am. Dec. 748.) In his work on Remedies, etc., Mr. Pomeroy says, at section 329: "In all equitable actions a broad and most important distinction must be made between two classes of parties defendant, namely, (1) those who are 'necessary,' and (2) those who are 'proper.' Necessary parties, when the term is accurately used, are those without whom no decree at all can be effectively made determining the principal issues in the cause. Proper parties are those without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy, and conclude the rights of all the persons who have any interest in the subject-matter of the litigation. Confusion has frequently arisen from a neglect by text writers, and even judges, to observe this plain distinction. Parties are sometimes spoken of as necessary when they are merely proper. * * * In an action to foreclose a mortgage, the owner of the land covered by it is a necessary defendant, because without his presence no decree can be made for the sale of the land,—in other words, no effective decree at all,—and the suit would be an empty show of litigation. The holders of subsequent mortgages, judgments, and other liens upon the same land are not necessary parties in order to the rendition of an effective judgment, because the land can be sold without their presence, and without cutting off their liens. If, however, the plaintiff desires to settle all the questions involved, in one controversy, and to determine the rights of all the persons who have any interest in the land, he must bring in all these holders of subsequent liens, so that a judgment may be given which shall foreclose their rights. To accomplish this end these persons must be made defendants, and in this respect they are necessary parties, that is, necessary in order to attain the particular result desired. They are not, however, necessary to the decision of the main issues involved in the suit, and to the granting of a decree. * * * A practical test will at once fix the class into which any given person interested in an equitable litigation must fall. If the person is a necessary defendant, a demurrer for defect of parties on account of his non-joinder will be sustained; and conversely, if the demurrer will be sustained, the person is a necessary party. If the given person is merely a proper party, such a demurrer will not be sus-

tained on account of his non-joinder, although the court may, undoubtedly, in the exercise of its discretion, order him to be brought in." In *Re Smith*, 4 Nev. 258, 97 Am. Dec. 531, it is said: "It is not, we think, questioned but that a title to real estate derived from a sale under a decree of a competent court having jurisdiction over the subject-matter and the parties before it is good, provided any of the parties before the court when the decree was made had the title.   *   *   *   If the owner of the legal title is in court, we apprehend the title will pass under a decree and sale, although all the proper parties to a suit in equity may not be in court." And on rehearing the court said: "In our former opinion we held, in effect, that in the proceedings of *Green* v. *Chedic and Milne*, he had made all the parties defendants whom it was neces- sary to make such in order to pass the legal title, but he had not all the proper parties before the court; consequently the sale and passage of the title did not divest Curry's lien.   *   *   * Under this rule, then, Green had the right to foreclose, making only Chedic and Milne parties. Under such proceedings he could divest them of their legal title, and vest the same in him- self or any other person who might purchase it at the sale, under the decree." (See, also, Pom. Rem. & Rem. Rights, Sec. 336; *Douglass* v. *Bishop*, 27 Iowa, 216.) There are many cases wherein it was held that the *cestui que trust* should have been made defendant in suits for the foreclosure of mortgages and mechanics' liens, and wherein the judgments were reversed because he was not made so; but in all such we think it will appear, either that, in whole or part, it was the object or result of the suit, or both, to conclude by judicial decree the *cestui que trust*, without giving him his day in court. That is not the case here, because, as before stated, this suit was brought for the purpose of enforcing the lien against defendant's interest only. The decree cannot, and will not be allowed to, affect the rights of his former partners, if any they have. *McDonald* v. *Backus*, 45 Cal. 265, is cited by counsel for defendant in sup- port of his claim of error in this connection. Backus was the person for whom the house charged with the lien was built, and Froment & Co., a partnership composed of Froment, Veuve, and Swain, were the contractors who employed McDonald, the plaintiff, to do the work for which the lien was claimed. The contractors were personally liable to McDonald. The fifth subdivision of section 10 of the lien law then in force (Stat-

1867-8, 592) provided that, "in all suits to enforce any lien created by this act, all persons personally liable, and all lien-holders whose claims have been filed for record under the provisions of · section five of this act * * * shall be made parties." Plaintiff was employed by Swain, one of the partners; but, since his act of employment of McDonald bound his co-partners as well as himself, the court held that under the statute there was a non-joinder of necessary parties defendant. That decision is undoubtedly correct under the mandatory statute referred to, but it is not applicable to this case, under our statute.

Our opinion is that defendant's former partners were not necessary parties defendant in this action to enforce plaintiff's lien against defendant's interest, and that proof that other persons were equitable owners would not have defeated the action. Defendant was the "owner" of the entire legal title, and the "owner," in law and equity, to the extent of his interest in the partnership; and plaintiff had the right to enforce his claim against such interest if he was satisfied to do so. (*Garrett* v. *Stevenson*, 3 Gilman, 280; *Miller* v. *Faulk*, 47 Mo. 264; *Mississippi. Planing Mill* v. *Presbyterian Church*, 54 Mo. 525; *Spare* v. *Walz*, 15 Phila. 263; *Smith* v. *Johnson*, 2 McArthur, 483; *Sill's Appeal*, 1 Grant's Cas. 235; *Anderson* v. *Dillaye*, 47 N. Y. 678; *Jones* v. *Shawhan*, 4 Watts & S. 262; *Chambers* v. *Benoist*, 25 Mo. App. 523; Phil. Mech. Liens, Sec. 81.) Although we think it would have been better practice to have made the other persons alleged to have been partners parties defendant, we are unable to see that defendant was deprived of any material defense by the action of the court in this connection, and consequently we must hold that the court did not err in striking out the portion of the answer under consideration.

2. The statute provides that when the notice designates, as the ground upon which the motion for a new trial will be made, insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient, and that if no such specification be made, the statement shall be disregarded. (Civil Pr. Act, Sec. 197.) The authorities are uniform to the effect that, under this statute, the statement must particularly specify the errors relied on, and wherein the evidence is insufficient, and that only the points so specified can be considered on

appeal. Outside of the authorities this must be as stated, because the statute also provides that "the statement shall contain so much of the evidence, or reference thereto, as may be necessary to explain the particular points thus specified, and no more." This is so even though the statement contains all the evidence, as in this case. (*Brumagim* v. *Bradshaw*, 39 Cal. 33.) It is so, too, where there are no express findings, and findings necessary to support the judgment are to be implied. (*Hixon* v. *Brodie*, 45 Cal. 277; *Mahon* v. *San Rafael Turnpike Road Co.*, 49 Cal. 272. And see *More* v. *Lott*, 13 Nev. 381.) "It must be presumed that the verdict or decision is sustained by the evidence in all respects, except in those particulars in which the statement specifies the evidence to be insufficient. For these reasons we can only consider the particulars thus specified." (*Hidden* v. *Jordan*, 28 Cal. 313; Hayne, N. T. & App., Sec. 151.) The only specifications of insufficiency in this case are as follows: "The defendant * * * specifies the following particulars in which the evidence is insufficient to support the findings of the jury adopted by the court, and the findings and decisions of the court made in addition thereto: *First.* Finding number one (of the jury) and two (of the court) are inconsistent and contradictory in themselves, and cannot be sustained in this, to wit: (1) They find that H. Roddick and N. S. Trowbridge & Co. entered into a contract, with the terms thereof as testified to by N. S. Trowbridge, and contained in the evidence set forth above; and they further find (No. 2) that at the dates above mentioned one Henry Roddick was the agent of the defendant in the management of said mine; (2) the evidence undisputed shows that H. Roddick performed all the work he did in the mine, under the contract; (3) the uncontradicted evidence shows that H. Roddick never had any authority from Trowbridge or the firm to employ the plaintiff to work for him or them, or on his or their behalf. *Second.* Findings number two and three of the jury are not supported by the evidence, and are against law, for the preponderance of testimony shows that the plaintiff had knowledge of the contract between Roddick and Trowbridge & Co., and is bound by the terms thereof, and not within the issues made by the pleadings." The only findings embodied in the statement are the three special findings of fact found by the jury and adopted by the court, in substance as follows: "*First*, (requested by plaintiff.) That

defendant was indebted to plaintiff, as a balance due for said work, two hundred, fifty-six, 28-100 dollars. *Second*, (requested by defendant.) That N. S. Trowbridge & Co. made and entered into a contract with Roddick, with terms as testified by defendant. *Third*. That plaintiff was not informed of such contract, and that he did not work thereunder in the Two G. mine." There are in the transcript what purport to be other findings and conclusions of law by the court, but they are not embodied in the statement on motion for new trial, and cannot therefore, be considered on appeal. (*Nesbitt* v. *Chisholm*, 16 Nev. 39; *Simpson* v. *Ogg*, 18 Nev. 28.) Nor does the fact that they were referred to and used on the hearing of the motion for new trial change the rule. (*Boyd* v. *Anderson*, 18 Nev. 348.) But, in the absence of express findings, we must presume that there were such implied findings as are necessary to support the judgment. (*More* v. *Lott*, 13 Nev. 380; Hayne, New Trials & App., Sec. 339.)

Referring now to the first specification of insufficiency of evidence, and admitting, for the sake of the argument, that in order to sustain the decision the court must have found as a fact that " Henry Roddick was the agent of defendant in the management of the mine," still the two findings are not inconsistent or contradictory. The facts stated in both findings are (1) that Roddick and Trowbridge & Co. entered into the contract testified to by defendant, that is to say, Roddick agreed, upon certain terms, to take out ore, and deliver it to Trowbridge & Co.; and (2) that, while so engaged, he was agent of defendant in the management of the Two G. mine. It is not denied that the first finding referred to is correct. It is what defendant sought to establish. But the claim is that the second one is not correct, and is inconsistent with the first. The first is the result of undisputed testimony without reference to the statute; and the second results from the fact, also undisputed, that plaintiff performed his labor at the instance, and under the employment of Roddick, who had charge and control of the mine, and whom, for that reason, section 1 of the statute made the owner's agent. Roddick did perform all his work under the contract, but, so far as plaintiff is concerned in the matter of the lien, he was the agent of any and all owners of the mine. Roddick did not have authority to employ plaintiff for Trowbridge & Co. directly; but he had

power to complete the employment for himself; and thereby bind the interest of all owners and claimants if they did not post the notice provided by section 9 of the lien law.

Finding No. 2 of the jury is supported by uncontradicted evidence. As to No. 3 there was a conflict. But on the hearing of the motion for a new trial the court was of the opinion that that finding was wrong; that plaintiff was informed of the contract, and that he did perform his work thereunder. To correct the result of the error the court proposed to grant a new trial, unless plaintiff consented to a modification of the judgment so as to allow him three dollars a day, that being the amount plaintiff was entitled to receive according to the court's construction of the Roddick contract. Plaintiff consented to this modification and to the striking out of the personal judgment against defendant, in case of deficiency, and thereupon a new trial was denied. It is claimed that the judgment as modified is not correct, that plaintiff was entitled to receive only two dollars and seventy-nine cents a day. We think this view is correct, and will dispose of the matter further on.

Our conclusion is that none of the assignments of error on the ground of insufficiency of evidence, etc., are well taken, except as to No. 3, and it follows that we must presume in all other respects there was sufficient evidence to support all findings that, under the pleadings, must be implied in order to support the decision.

3. It is next urged that, for certain reasons given, the court erred in permitting plaintiff to testify as to the value of his services. The statement contains the following record: "*Question.* What was the work reasonably worth? Objected to by defendant. Overruled and excepted to." The statement also shows that the grounds of all the exceptions of the defendant taken upon the trial are contained in the assignment of errors herein." It is by no means certain that an objection to this question should have been sustained, even though it had been properly taken, (*Parker* v. *Savage Mining Co.*, 61 Cal. 348; *Wilkins* v. *Stidger*, 22 Cal. 236; 83 Am. Dec. 64; *Abadie* v. *Carrillo*, 32 Cal. 175; *De la Guerra* v. *Newhall*, 55 Cal. 22; *Sussdorff* v. *Schmidt*, 55 N. Y. 324; Abb. Tr. Ev. 367;) but this question we do not decide. So far as the record shows, there was an objection, but no ground of objection was stated, and an exception was taken to the ruling admitting the evidence. The statement

informs us of the grounds of exception only. We must presume, then, that no grounds of objection were stated. That objections thus made will not be reviewed on appeal has been established by a series of uniform adjudications of this and other courts. The same facts appear in relation to the testimony of other witnesses upon the question of the value of plaintiff's services, and the admission in evidence of plaintiff's notice of lien, and the same result follows.

4: The court did not err in striking out the following question asked plaintiff on cross-examination, together with his answer thereto. "Do you not know for a fact that the same parties who comprised the firm of N. S. Trowbridge & Co., at the time you worked, owned the Two G. mine ? Yes." In the first place it was immaterial that plaintiff then knew the fact to be as stated. That would not have tended to show that he knew it when he did the work, when he filed his claim of lien; or when he brought suit. But if our conclusions are correct in relation to the court's order striking out a portion of the answer, it must follow that it was not error to strike out this question and answer also, or to refuse to allow defendant to answer the question, "Who are the owners of the Two G. mine ?"

5. In view of the order we shall make touching the amount due plaintiff, and for which he may have a lien against defendant's interest, it is unnecessary to consider the errors of law specified in defendant's sixth assignment.

6. Defendant offered in evidence the written contract between N. S. Trowbridge & Co. and Roddick referred to above, but the court refused to admit it. In view of the allegations in defendant's amended answer, and of his claim that plaintiff's *per diem* was to be governed by that contract, we think the court erred. But the record shows that subsequently, without objection at the time, defendant testified to the terms of the contract,—the same as those set forth in the written contract,— that thereupon plaintiff objected to this testimony, and the objection was sustained. But there was no motion made to strike out the oral testimony of the terms of the written contract, nor was it stricken out. The record also shows that one of the questions submitted to the jury was, "Did N. S. Trowbridge & Co. make and enter into a contract with one Henry Roddick with the terms as testified by the defendant, N. S. Trowbridge ?

Yes." Thus it is shown that the oral testimony of defendant was considered by the jury, that they found in favor of defendant upon the question, and that the court adopted the finding of the jury. The defendant could not have been injured by the rejection of the written contract. (*Richardson* v. *Hoole*, 13 Nev. 493; *Bear R. Mining Co.* v. *Boles*, 24 Cal. 363; Hayne, N. T. & App. Sec. 103.)

7. The court did not err in refusing to permit Roddick and Brown to testify to the effect that they gave plaintiff personal notice that neither defendant nor N. S. Trowbridge & Co. would be responsible for any indebtedness contracted or accruing for work done under the Roddick contract. It is said if such notice was given it was not necessary to post written notice on the mine, as required by section nine of the lien law, and that, if plaintiff continued work after receiving personal notice, he waived his lien. We do not think so. The statute declares that the interest of every owner or claimant shall be subjected to any lien filed in accordance with its provisions, unless such owner or claimant, after obtaining knowledge, etc., shall, within a certain time, post a certain notice in a place specified. The legislature has seen fit to limit persons owning or claiming any interest in property mentioned in section nine, to one method of giving notice if they wish to escape the effect of liens. We cannot supply others. This question has been decided in many cases, and so far as we know, against the views of counsel for defendant. (*Gay* v. *Hervey*, 41 N. J. Law, 43; *Shaw* v. *Thompson*, 105 Mass. 350; *Moore* v. *Jackson*, 49 Cal. 109; *Thompson* v. *Shepard*, 85 Ind. 356; *Gould* v. *Wise*, 18 Nev. 253; *Nellis v. Bellinger*, 6 Hun, 560.

8. Acting in accordance with the provisions of section 198 of the practice act, which requires the court or judge granting or refusing a new trial to state in writing, generally, the grounds upon which the new trial is refused or granted, the court stated as follows: " I think, as a matter of law and fact, plaintiff knew of the contract between N. S. Trowbridge & Co. and H. Roddick, and performed the work herein under such contract, and thereby became entitled to his lien for such labor rendered, as was proven in this cause, to wit, one hundred and thirty-one and one half days at three dollars per day, the same being the amount that N. S. Trowbridge & Co. were to pay the employes of H. Roddick who worked and performed labor in extracting

ore from the Two G. mine." This opinion, or these reasons, given by the court, are in no sense findings. The court had no power at that time to change its findings. But it had the right, and such was its duty, to grant a new trial for any material error committed at the trial, or, by plaintiff's consent, to modify the judgment so as to remove all possible injurious effects of the error. (*Hawkins* v. *Reichert*, 28 Cal. 538; *Dickey* v. *Davis*, 39 Cal. 569; *Carpentier* v. *Gardner*, 29 Cal. 164; *Phillpotts* v. *Blasdel*, 8 Nev. 76.)

The court undertook to modify the judgment as to the amount plaintiff was entitled to receive according to the terms of the Roddick contract, but it did so in part only. According to that, and the uncontradicted testimony as to the amount and value of the ore taken out by Roddick, plaintiff was entitled to receive only two dollars and seventy-nine cents per day. The court reduced the judgment from two hundred and fifty-six dollars and twenty-eight cents to one hundred and ninety dollars and eighty-eight cents, when, from the court's view of the facts, it should have been reduced to one hundred and fifty-six dollars and twenty-eight cents.

9. It is urged that the court, in its decree, should have limited plaintiff's lien to defendant's interest in the property, and that only such interest should have been ordered sold to satisfy the judgment. It is certain that plaintiff is not entitled to a sale of anything beyond defendant's interest in the property described. It does not seem that, under the statute, (Gen. Stat. 3253, 3882,) any interests other than defendant's can be sold, or that the purchaser can acquire anything beyond the "right, title, interest, and claim" of the judgment debtor, (*McCormack* v. *Phillips*, 4 Dak., 34 N. W. Rep. 60;) but it is best to remove all doubts in the premises.

It is ordered that plaintiff have fifteen days within which to file, in the court below, consent in writing, to a modification of the judgment appealed from, as hereinbefore expressed; and, upon such consent being filed, the court below is directed to modify the judgment accordingly, and, also, in the decree and order of sale to limit the property to be sold to the right, title, interest, and claim of defendant, N. S. Trowbridge; but, in default of filing such consent, that the judgment of the court below, and the order denying a new trial, be reversed, and a

new trial granted, defendant to recover his costs in either event.

HAWLEY, J.   I concur in the judgment.

BELKNAP, J.   I concur in the opinion, except the portions relating to. the question of sufficiency of the notice to remove the property from the operation of the lien law.   This question I do not consider presented, and upon it express no opinion.