THOMAS MADDEN et al., Respondents, v. THE PARONERI REALTY COMPANY et al., Appellants.

St. Louis Court of Appeals, May 10, 1898.

1. **Corporation** : OFFICER OF CORPORATION: AGENCY. The power of an agent or officer of a corporation to bind his principal is governed by the law of agency, and where an officer has been permitted to manage all the business of a corporation, his authority to bind it will be implied from the apparent power thus conferred upon him.

2. ———: ———: AGENT: EVIDENCE. Where the record or minutes and the stock book of a corporation show that at the time the contract was entered into between plaintiff and defendant Prosser, president of the corporation, that defendant was the president of the

corporation, that the capital stock of the company was $10,000; that Prosser owned all the stock, except $200; that he ‘continued to own it until after the contract was made; that he so continued to act as president; and the oral testimony tended to prove that during the time he acted as president he assumed the chief management of the business of the company, it is held that this was sufficient to authorize the finding that Prosser, in making the contract with plaintiff, acted as the duly authorized agent of the corporation.

3. ———: ———: NEW TRIAL: DILIGENCE. Where no diligence is shown by party asking it, a new trial will not be granted on the ground of newly discovered evidence.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

G. A. WURDEMAN and SAM H. WEST for appellant.

The contract was personal with Prosser and not authorized or ratified by the realty company. Authority will not be implied from the mere fact that Prosser owned a large majority of the stock. Cook on Stockholders, par. 709; Jones v. Williams, 139 Mo. 24. The statement of account in the petition although sufficient for purposes of a lien is not stated with the definiteness required by the code. R. S. 1889, sec. 2075; Mitchell Planing Mill v. Allison, 138 Mo. 57. Plaintiffs must recover upon the cause of action stated in the petition, to wit, that both the realty company and Prosser were owners of the property and both had made the contract with plaintiffs. Appellant's motion for new trial should have been sustained. The affidavits clearly showed that due diligence had been used and that the evidence was newly discovered, material and not cumulative and afforded a good defense to the action. Prosser individually executed and delivered to respondents his notes for the work, which notes did not mature within the time they had under the

statute to enforce their lien. The lien was therefore destroyed. Globe Light & Heat Co. v. Doub, 47 Mo. App. 439; Ashdown v. Woods, 31 Mo. 465; McMurray v. Taylor, 30 Mo. 263. And even if the notes did mature within such time as not to constitute them a waiver of the alleged lien, yet the failure of respondents to surrender and cancel the notes at the trial is fatal to their lien and to the judgment herein rendered. Schulenburg v. Robinson, 5 Mo. App. 561.

M. B. GREENSFELDER and B. GREENSFELDER for respondents.

The acts of the president of a corporation, done in the management of the business of the corporation and within the scope of his authority, are the acts of the corporation itself. Thompson on Corp., secs. 3893, 4612 and 4613; Melledge v. Boston Iron Co., 5 Cush. 158-170. A mechanic's lien is not waived by the acceptance of promissory notes merely as security for the payment of the debt, provided they mature before suit is instituted on the lien, and especially where the notes are tendered into court. Western Brass Mfg. Co. v. Boyce, No. 7112, March Term, St. Louis Court of Appeals; Kauffman-Wilkinson Lumber Co. v. Christopher, 62 Mo. App. 98; Melledge v. Boston Iron Co., 5 Cush. 158-170. Plaintiff's account is a just and true account, such as is contemplated by the statute. *First.* All the material and labor was furnished under one general contract, and the last work was completed under the agreement within six months prior to the time of filing the lien. *Second.* The credit omitted in the lien account was not an intentional act on the part of the plaintiffs, for in their petition credit is given. Lumber Co. Kreeger, 50 Mo. App. 418; Price v. Merritt, 55 Mo. App. 640; Western

Brass. Mfg. Co. v. Boyce, No 7712, March Term, St. Louis Court of Appeals.

BIGGS, J.—This is an action to enforce a mechanic's lien. It is alleged in the petition that at the time the materials were furnished and the work was done, the defendants the Paroneri Realty Company and Thos. J. Prosser, were the owners of the lot upon which the house was to be erected, that the contract of plaintiffs for furnishing the materials was made with them, and that after the work on the building was completed the realty company executed a deed of trust on the property to secure money borrowed by it of the defendant Hannah Montgomery, and that the defendant Langenberg is the trustee in the deed of trust. The petition then sets forth the dates of the commencement and completion of the work and the amount claimed to be due, and the date of the filing of the mechanic's lien. A credit of $150 is given, which the plaintiffs aver was omitted from the lien paper by mistake or oversight. The answer of the defendants is a general denial. The cause was submitted to the court without a jury. At the conclusion of the evidence for plaintiffs the defendants asked an instruction of nonsuit, which was refused. The defendants introduced no testimony. The circuit court dismissed the action as to Prosser and rendered a judgment against the realty company for the amount sued for and enforcing the mechanic's lien against the property. The defendants have appealed and complain of the action of the court in admitting and rejecting evidence, and of its refusal to nonsuit the plaintiffs.

It is not denied that the plaintiffs made a contract with Prosser to furnish the materials and to do the work sued for, and that the plaintiffs complied with the contract. Nor is it disputed that, at the time the

SEATEMENT: mechanic's lien.

contract was made, the Paroneri Realty Company owned the lot upon which the building was erected. Also the evidence tended to prove that the lien account was filed within six months after the completion of the work. The ground of nonsuit insisted on in the circuit court and urged here is, that there is no substantial evidence that Prosser, in making the contract, acted as the agent of the Paroneri Realty Company, or that he was in any way connected with the corporation. To this we can not consent. It is true that the proceedings of the board of directors of the realty company do not show that Prosser was authorized to contract for the building of the house, nor that the board at any time resolved to improve the lot, but the record or minutes and the stock book show, that at the time the plaintiffs made their contract with Prosser he was the president of the corporation; that the capital stock of the company was $10,000; that Prosser owned all the stock, except $200; that he continued to own it until February, 1896; that he continued to act as president of the company until March 26, 1896, and the oral testimony tends to prove that during the time he was acting as president he assumed the chief management of the business of the company. This evidence we think was sufficient to authorize the finding that Prosser in making the contract with the plaintiffs acted as the duly authorized agent of the realty company. As was said by Judge GANTT in Moore v. Gaus & Sons Mfg. Co., 113 Mo. loc. cit. 113, "the power of an agent or officer of a corporation to bind his principal is governed by the law of agency, and, where an officer has been permitted to manage all the business of a corporation, his authority to bind it will be implied from the apparent power thus conferred upon him." Mr. Morawetz says, that "the board of directors may invest the president with authority to act as chief executive

officer of the company.  This may be done either by
an express resolution, or by acquiescence in a course
of dealing.  A person dealing with the president of a
corporation in the usual manner, and within the pow-
ers which the president has been accustomed to exer-
cise without the dissent of the directors, would be
entitled to assume that the president had actually been
invested with those powers.''  Morawetz on Cor., sec.
538.

The assignment that the statement of the account
in the petition is indefinite and insufficient, can not be
considered.  No demand was made for a more specific
statement.  The fact that the evidence
showed that the lot was owned by the
realty company and not by Prosser and
the realty company, as alleged in the petition, does not
amount to a total failure of proof.  It was at most a
variance.  It is insisted that the lien paper does not
definitely state the name of the contractor or from
whom the amount claimed is due.

ACCOUNT is suffi-
cient.

The statement is that the plaintiffs ''made a con-
tract with the Paroneri Realty Company by T. J.
Prosser its president and agent or with T. J. Prosser
acting for himself.''  At the time the lien was filed the
plaintiffs were uncertain whether the title to the prop-
erty was vested in the realty company or in Prosser.
The contract was made with Prosser, and as a precau-
tion the statements as to the ownership of the lot and
the capacity in which Prosser acted, were stated in the
alternative.  We can conceive of no serious objection
to this.  Besides the abstract of the appellants shows
that the only objection made against the admission of
the lien paper in evidence was that the amount stated
therein to be due was not a just and true account, an
objection which is not urged in this court.

One of the grounds of the motion for new trial is

that after the trial the officers of the realty company were for the first time informed by Prosser that prior to the filing of the lien paper the plaintiffs accepted the individual notes of Prosser in payment of their claim. As to this newly discovered evidence no diligence is shown, but on the contrary a lack of diligence to bring it out at the trial appears. The suit was brought in July, 1896; the answer was filed February 17, 1897, the trial was had November 8, 1897, and although Prosser was a party to the suit, employed attorneys and filed an answer, he neglected to communicate to his attorneys or to the officers of the realty company the important fact that he had settled the plaintiffs' account by giving his individual notes, and that the notes were outstanding. Prosser lived in St. Louis county, where the suit was brought and tried, and he ought to have communicated the fact to his attorneys that his notes had been accepted in payment of the account sued on. Again, if a new trial should be granted it is not likely that there would be a different result on account of the newly discovered evidence. The plaintiffs filed counter affidavits, in which they state that the notes were accepted merely as collateral security for and not in payment of the account. Prosser's actions make the truth of these statements highly probable. With the concurrence of the other judges the judgment of the circuit court will be affirmed.

NEWLY discovered evidence: new trial not granted unless diligence is shown.