# EVANS R. DARLINGTON et al., Respondents, v. CHARLES TOZER et al., Defendants; CHARLES H. ELDRIDGE et al., Appellants.

## St. Louis Court of Appeals, April 23, 1901.

1. **Mechanic's Lien: TRIAL AMENDMENTS OF NOTICE OF LIEN AND PETITION, PERMISSIBLE.** The notice of filing the lien and petition stated that Rutledge was the owner instead of Eldridge, and the court at the trial permitted plaintiff to strike out the name of Rutledge wherever it appeared in notice and petition, and insert the name of Eldridge; *Held*, that no one was misled or deceived, or in the least prejudiced by the amendments, and that they were correctly made.

2. ———: LIEN ACCOUNT, AFFIDAVIT THERETO. The material-man must prove that he furnished the material that went into the building, and that he filed his lien account within four months from the accruing thereof. The lien affidavit to the account is not proof of the account.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED AND REMANDED.

*Jas. M. Sutherland* and *John W. Drabelle,* for plaintiffs.

(1) The court below erred in admitting evidence over the objection of defendants—the notice of intention to begin the suit offered by plaintiffs. In said notice Charles H. Rutledge is described as the owner of the property, and plaintiffs announce their intention to institute a suit against Charles Tozer and said Charles H. Rutledge. In fact, they instituted a suit against Charles Tozer as contractor and Charles H. Eldridge as owner. At the trial the defendants made the objection that as no notice was filed in the office of the circuit clerk of an intention on the part of the plaintiffs to institute suit against Charles Tozer and Charles H. Eldridge, that it was improper to admit in evidence a notice which plaintiffs did file, of an intention to sue Charles Tozer and Charles H. Rutledge. (2) Because no evidence was introduced in this case to show when the materials in question were furnished for said building. The statute on this subject reads as follows (Revised Statutes 1899, section 4207): "It shall be the duty of every original contractor within six months, and every journeyman and day laborer within sixty days, and every other person seeking to obtain the benefit of the provisions of this article within four months, after the indebtedness shall have accrued, to file with the clerk of the circuit court of the proper county a just and true account

of the demand due him or them, after all just credits have been given." In this case no evidence whatever was introduced as to the dates when the materials in question were furnished, and it was impossible for the court to determine when the account accrued, because there was no evidence as to when the last article was furnished. There was no evidence, therefore, from which the court could decide that the lien was filed in time.

*McKeighan, Barclay & Watts* and *Robt. A. Holland, Jr.* for appellants.

(1) There was no error in the admission of the notice of intention to file the suit before the justice. The fact that the name "Rutledge" was inadvertently inserted in the notice of intention to bring suit instead of "Eldridge" does not invalidate the notice, since no attempt was made to show Eldridge or any other person was misled thereby. Putnam v. Ross, 46 Mo. 337; Fruin-Bambrick, etc., v. Jones, 60 Mo. App. 1. (2) The plaintiffs proved all the facts necessary to be established to entitle them to a lien against Eldridge, the owner.

BLAND, P. J.—The suit originated before a justice of the peace; its purpose was to obtain a personal judgment against defendant Tozer, and to enforce a mechanic's lien against two houses erected on a lot situated in the city of St. Louis, and belonging to defendant Eldridge. The Lincoln Trust Company is the beneficiary in a deed of trust on the premises in which Garrell is the trustee, for this reason they were made parties defendant. Plaintiffs had judgment in the justice's court; defendants appealed.

On trial *de novo* in the circuit court, plaintiffs again recovered a personal judgment against Tozer and a judgment establishing their lien. Defendants Eldridge, The Lincoln

Trust Company and Garrell appealed to this court.

The affidavit attached to the lien account filed in the clerk's office, stated that Eldridge was the owner of the premises. The notice of the filing of the lien stated that Charles H. Rutledge was the owner of the premises. The notice was attached to the lien paper. The petition filed before the justice, stated that Charles H. Rutledge was the owner. In the circuit court plaintiffs were, over the objection of defendants, permitted to amend the petition by striking out the name Rutledge whenever it occurred and inserting the name of Eldridge. The plaintiffs' account was for lumber and shingles furnished Tozer, contractor for the erection of two buildings on the lot described. Defendants objected to the introduction of any evidence for the reason no notice of the filing of the lien had been given as required by the statute (the notice filed stating that Rutledge was the owner); the court overruled the objection, to which ruling an exception was saved by defendants. The insertion of the name Rutledge, instead of Eldridge in both the petition and notice was evidently a clerical error.

Eldridge appeared both before the justice and in the circuit court by attorney and defended against the establishment of the lien. The notice was attached to the lien account and any one in interest reading the notice, would read also the lien paper, from which he would have been informed of the clerical error in the notice. No one was misled or deceived, or in the least prejudiced by the amendment of the petition or by the error in the notice. And the court correctly permitted the amendment and correctly admitted the notice in evidence. By the evidence for plaintiff all the facts necessary to establish their right to a lien were proven but one, viz: plaintiffs introduced no evidence whatever tending to prove when their lien account accrued. To entitle a materialman, who has furnished a contractor for a building, to a lien on the building for the value of

Darlington v. Eldridge.

such material, it is as essential that he file his lien account within four months from the accruing of the account as it is to prove that he furnished the material and that it went into the construction of the building. Sec. 4207, R. S. 1899; Mfg. Co. v. Burns & Co., 59 Mo. App. 391; Bolen Coal Co. v. Ryan, 48 Mo. App. 512.

On the trial the following occurred: "By the court (addressing counsel for defendants): You don't dispute the account? (Mr. Holland, counsel of defendants): No, sir. Not the account. The defendants will admit, Your Honor, that sufficient material went into the house to make the price that has already been mentioned." There is nothing in this admission from which it can be inferred that defendants admitted or intended to admit that the account accrued within four months next before the filing of the lien. The affidavit to the lien account is not evidence of the correctness of the account nor of the date of its accrual, as was intimated in a former opinion delivered in this cause by this court. The statute requiring the account to be sworn to (section 4707), does not make the affidavit evidence of the correctness of the account. That it is not evidence under the general law does not admit of discussion. But it is contended by the plaintiffs that no point was made on the trial of a failure of proof. It was not the duty of defendants to especially call the attention of plaintiffs to the fact that they had failed to prove an essential fact to entitle them to recover. The defendants did what is usual in such circumstances—offered a demurrer to the plaintiffs' evidence after they had rested—and rested their defense on the demurrer by declining to offer any evidence. The omission to prove the date when the account accrued was doubtless an oversight, but it was an oversight that is fatal to the judgment, and necessitates a new trial.

Vol 88 app—34

For failure on the part of plaintiffs to prove that the account accrued within four months next before the filing of the lien account in the circuit clerk's office and for no other reason, the judgment establishing the lien is reversed and the cause remanded. All concur.