JOPLIN SASH AND DOOR WORKS, Appellant, v. D. E. SHADE Defendant; JOHN D. JAMES, Respondent.

Kansas City Court of Appeals, May 3, 1909.

MECHANICS' LIENS: Name of Owner: Mistake. The Mechanics' Lien Statute is remedial and should receive a liberal construction; an honest mistake in the name of the owner will not defeat the lien of the mechanic, when no rights of third persons have intervened.

Appeal from Jasper Circuit Court.—*Hon Hugh Dabbs*, Judge.

REVERSED AND REMANDED.

*H. S. Miller* for appellants.

(1) The honest mistake in naming the owner in the lien papers as James D. James instead of John D. James, his correct name, does not invalidate the lien, particularly when said James has been served with the notice of lien and summons, personally, and personally appeared

and defended against the lien, and no one was misled or injured by such mistake. Gorman v. Dierkes, 37 Mo. 576; Miller v. Faulk, 47 Mo. 262; Lumber Co. v. Clark, 172 Mo. 598; Steinman v. Strimple, 29 Mo.App. 478; Madden v. Realty Co., 75 Mo. App. 363; Brick Works v. Flanagan Bros., 87 Mo. App. 340; Darlington v. Tozer, 88 Mo. App. 525; Baltis v. Friend, 90 Mo. App. 408; Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Crane Co. v. Const. & Real Estate Co., 121 Mo. App. 225; Boisot on Mechanics' Liens (1897 Ed.), secs. 382, 383; 27 Cyc. (New Ed.), p 167; Getchell v. Moran, 124 Mass. 404; McPhee v. Litchfield, 145 Mass. 565; Pavement Co. v. Lyons, 65 Pac. 329, 113 Cal. 114; Hopkins v. Mill Co., 39 Pacific 815, 11 Wash. 308; Hays v. Tryon, 2 Miles (Pa.) 208. (2) The appellate courts of this State have always given a liberal construction to the mechanic's lien law, and have administered its remedial provisions upon principles of equity. Dewitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381; Lumber Co. v. Clark, 172 Mo. 598; Steinman v. Strimple, 29 Mo. App. 478; McAdow v. Sturtevant, 41 Mo. App. 220; Bruce v. Haas, 48 Mo. App. 161; Cahill et al. v. Ely, 55 Mo. 102; Crane Co. v. Real Estate Co., 121 Mo. App. 225.

*J. H. Spurgeon* for respondent.

(1) Section 4221 Revised Statutes 1899, provides that in giving notice of intention to file a lien, the name of the owner, if known, must be given, if unknown the notice must so state, and the notice must be directed to and served upon the owner . . . otherwise he is not required to take notice of it, in this case the name of the owner of the property is *John D. James,* notice was directed to and served upon *James D. James.* Meyer v. Christian, 64 Mo. App. 203; Langan v. Schlieff, 55 Mo. App. 213. (2) A compliance with the statutory requirements is necessary in order to acquire a valid and enforcible lien. Towner v. Rennick, 19 Mo. App. 205; Hall v. Erkfitz, 125 Mich. 332, 84 N. W. 310. (3) Section

4207, Revised Statutes 1899, provides that in filing a lien statement the name of the owner if known, must be stated, appellant assumed the responsibility of giving the true name. Malter v. Mining Co., 2 Pac. 50; Kelly v. Laws, 109 Mass. 395; Amadon v. Benjamin, 128 Mass. 534; Waters v. Johnson, 134 Mich. 436.

JOHNSON, J.—Plaintiffs, who are partners doing business in the name of the Joplin Sash & Door Works, brought this suit before a justice of the peace to enforce a mechanic's lien for materials furnished under contract with defendant Shade (the contractor) for a building erected on premises owned by defendant James. Shade, though duly served with summons, failed to appear in the circuit court where the cause was taken by appeal, and personal judgment was rendered against him for the amount of plaintiff's demand. James appeared and contested the lien. A jury was waived and judgment was entered in favor of James. Plaintiffs appealed.

The last item of the account is for material furnished October 1, 1907. The notice that plaintiffs intended to file a lien was served on defendant James, January 15, 1908. The lien paper was filed with the circuit clerk January 27, 1908. Notice that suit would be brought in the justice's court was filed February 6, 1908, and on the following day, the action was begun as stated in the notice. In these notices and in the lien statement, the name of the owner of the premises was given as James D. James, but the notices and the summons were served on defendant whose name is John D. James. The mistake was discovered by plaintiffs after the suit was brought and they were given leave by the justice to amend the petition and statement "by changing the name of the defendant James D. James to John D. James, John D. James having been personally served with summons." It appears from the evidence of plaintiffs that they did not know who was the owner of the premises. The lawyer employed by them inquired at the office of an

abstractor and was informed by the person in charge of the office that the books showed the owner of the premises to be James D. James. The lawyer acted on this information in preparing the notices, lien statement and petition. The fact that plaintiffs and their attorney acted in good faith is not disputed and is established by evidence. The question of the effect of the mistake is the only issue considered by the trial court and argued here.

The rule that calls for a strict construction of statutes in derogation of the common law is not applicable to the mechanic's lien statutes. "The better doctrine now is that these statutes are highly remedial in their nature and should receive a liberal construction to advance the just and beneficent objects had in view in their passage." [DeWitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381; Lumber Co. v. Clark, 172 Mo. l. c. 598.] Section 4207, Revised Statutes 1899, requires the lien statement to contain "the name of the owner or contractor or both if known to the person filing the lien." Section 4221 requires the claimant to serve notice of his purpose to file a lien on "the owner, owners or agent" of the property.

Under the doctrine stated, a proper construction of these statutes imposes on the claimant the duty of giving the true name of the owner in the lien statement and notices and of serving the notices on the owner, provided the name of the owner is known to the claimant. But the statutes contemplate that subcontractors, materialmen and mechanics may not know who is the owner of the premises and the intent is manifest that the lien of such claimant and his right to enforce it shall not be lost by his failure to ascertain the name of the true owner and the consequent failure to state it in the lien paper and notices. Where, as here it appears that the mistake was honest, that the defendant owner was not misled and that no rights of third persons have intervened, a liberal construction of the statutes prompts us

to hold that the right to enforce the lien was unaffected by the mistake. [Gorman v. Dierkes, 37 Mo. 576; Miller v. Faulk, 47 Mo. 262; Lumber Co. v. Clark, 172 Mo. 1. c. 598; Steinman v. Strimple, 29 Mo. App. 478; M'adden v. Realty Co., 75 Mo. App. 363; Dwyer Brick Works v. Flanagan Bros., 87 Mo. App. 340; Darlington v. Tozer, 88 Mo. App. 525; Baltis v. Friend, 90 Mo. App. 408; Kneisley Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Crane Co. v. Construction & Real Estate Co., 121 Mo. App. 1. c. 225; Boisot on Mechanics' Liens, sections 382-3 (1897 Ed.) ; New Cyc. 27, p. 167; Getchell v. Moran, 124 Mass. 404; McPhee v. Litchfield, 145 Mass. 565; Pavement Co. v. Lyons, 65 Pac. 329, 113 Cal. 114; Hopkins v. Mill Co., 39 Pac. 815, 11 Wash. 308.; Hays v. Tryon, 2 Miles (Pa.) 208.]

The judgment is reversed and the cause remanded. All concur.