## American Radiator Company v. McKee, et al.

(Decided Sept. 29, 1910.)

### Appeal from Madison Circuit Court.

Contract—Breach—Action For Damages—Counterclaim—Appeal and Cross Appeal.—In this action by the American Radiator Co. against R. J. McKee & Others for damages in failing to comply with their contract in the construction of a large building in Richmond, Ky., at a cost of about $19,000.00 in which the plaintiff recovered damages for the amount of his claim, subject to certain credits, and McKee, &c., were allowed $500.00 damages on their counterclaim from which judgment both parties appeal. Held, that the evidence is such as to leave the mind in doubt and for that reason the finding of the chancellor will not be disturbed.

J. C. & D. M. CHENAULT for appellant.

S. M. WALLACE and J. A. SULLIVAN for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellees, R. J. McKee and others, constructed a building in Richmond, Kentucky, at a cost of about $19,-000, for the purpose of providing store rooms in the lower part of the premises and offices and flats on the upper floors. In March, 1907, they entered into a contract with the Lexington Plumbing Company to install in the building a steam heating plant. The machinery required for this purpose consisted of a large boiler, radiators, etc. By the contract in question the Lexington Plumbing Company guaranteed that the boiler capacity of said plant would be 4,800 square feet, that the amount of radiation should not be less than 2,345 square feet, and that with five pounds of steam on the boiler a tem-

perature of not less than 70 degrees in the rooms and 65 degrees in the halls would be maintained in zero weather. The contract further provided that the Lexington Plumbing Company would make good any defects occurring in said plant within twelve months after its installation. Upon the execution of the contract the Lexington Plumbing Company began the work of installation. To this end it ordered of appellant, the American Radiator Company, the necessary machinery, consisting of a boiler and radiators. This machinery the American Radiator Company shipped to the Lexington Plumbing Company at Richmond, Ky. The heating plant was completed in the fall of 1907 and test was made, which developed that the boiler furnished by the American Radiator Company was defective. Thereafter appellant replaced this boiler. In December, 1907, the Lexington Plumbing Company went into bankruptcy. As the Lexington Plumbing Company did not pay for any of the machinery furnished by appellant, the latter proceeded to take the necessary steps to create a lien upon the property in which the heating plant was installed. Later on this action was instituted to enforce the lien. The original bill was $1,096.56, subject to a credit of $189.81, a reduction made in the price for the benefit of the Lexington Plumbing Company. Upon filing this suit, appellant admitted two credits of $108.81 each, paid by the Lexington Plumbing Company.

Appellees, McKee and others, defended on two grounds: First, that the heating plant failed to come up to the requirements of the contract;and, second, that the materials furnished by appellant were defective and not reasonably fitted for the purposes for which they were intended. For these reasons they asked damages by way of counterclaim in the sum of $2,000.

Evidence was heard and the case submitted to the chancellor, who gave appellant judgment for the amount sued for, subject to the credits referred to, and allowing appellees upon their counterclaim damages in the sum of $500, which he directed to be credited on the judgment.

From this judgment the American Radiator Company has prosecuted this appeal, and appellees have prosecuted a cross appeal.

We deem it unnecessary to pass upon the question, whether or not appellant was bound by the terms of the original contract between appellees and the Lexington Plumbing Company so that a claim for damages against

that company would be available by way of counterclaim against appellant in this action. Without regard to the terms of the original contract, there was an implied warranty upon the part of appellant, that the machinery it furnished was reasonably fitted for the purposes for which it was sold. If, therefore, the machinery was defective and unfit for those purposes, and appellees were damaged by reason of the character of the machinery so furnished, they would have the right to set off such damages against the lien claim of appellant.

There is but little conflict in the evidence in regard to the failure of the plant to heat the building properly. All the evidence shows that the plant was defective and the building cold. The witnesses differ as to the cause of this condition. Upon the one hand, the witnesses for the appellant testified that the cause of the trouble was due to improper piping and insufficient radiation. This view is supported by the evidence of several reputable gentlemen of wide experience. On the other hand, the evidence for appellees is to the effect that the radiation was entirely sufficient and that the trouble was due to a defective boiler. This view is supported by a number of witnesses well qualified to testify. Altogether the evidence is such as to leave the mind in doubt, and for that reason we will not disturb the finding of the chancellor.

Appellees earnestly insist that the chancellor failed to award them sufficient damages on their counterclaim. After careful consideration, we conclude that he did substantial justice between the parties.

For the reasons given, the judgment is affirmed both on the original and cross appeal.