## Ed. Blanton & Co. v. Brandenburg,

(Decided May 16, 1911.)

### Appeal from Lee Circuit Court.

Liens—Material Men's Liens—Action to Enforce—Evidence—In this action to enforce a material men's lien, evidence examined and held insufficient, and the judgment denying the lien should be affirmed.

GREENLEAF & HERRINGTON for appellant.

J. K. ROBERTS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In 1908 Ed. Blanton was general manager of appellant, Ed. Blanton & Co., lumber merchants, of Richmond, Kentucky, James H. Brandenburg, appellee, and George Goe were citizens of Beattyville, Lee County, Kentucky. Brandenburg contracted with Goe to furnish the material and erect a house in that city at a stipulated price. Goe completed the building and Brandenburg paid him therefor. After this had been done, Blanton filed a statement, within the time and as required by the statutes, to preserve a lien on the house and lot for the payment of some lumber appellant furnished to Goe to be used in the construction of the building, and this action was instituted to enforce the lien   Several defenses were interposed, but it is necessary to consider only one of them. Appellee claims that appellant is estopped from asserting a lien on his property for the following reason: At the time Goe took the contract to erect his house, Blanton came to Beattyville to see Goe for the purpose

of trading him some dressed umber to go into the house, for some rough poplar lumber. Appellee stated that Goe and Blanton went down to where the rough lumber was, examined it and returned and that, according to his recollection, they agreed that they had traded. Goe swears positively that they did trade. Blanton swears that he made no trade; that he was under the influence of liquor at that time and that he never made any trades while in that condition. Goe is impeached by several witnesses for truth and veracity. Two or three witnesses testified that they saw a letter written by Blanton to Goe after the house was completed and paid for, telling him that he could go ahead and sell the rough lumber and that he could get him up a car load later when he wanted it. Blanton does not deny writing this letter or give any explanation of it. Goe says it had reference to the lumber he had agreed to take in exchange of the dressed lumber used in the house, and he is not contradicted. After receiving this letter, Koe did sell the lumber to others. If Blanton did agree to take this rough lumber in payment of the dressed lumber, he should not be allowed to change his mind after the house is completed and paid for, turn the rough lumber back to Goe and enforce a lien upon appellee's property for the payment of the dressed lumber. The testimony seems to support appellee's defense in this respect, therefore, the judgment is affirmed.