## Caden v. Allen, Clark, Peters Hardware Company.

(Decided March 8, 1912.)

### Appeal from Scott Circuit Court.

Mechanics' Liens—Action to Enforce—Provision of Statute—Dealers in Material Furnished.—In an action to enforce a material man's lien on a building for roofing used on it, it is not a defense that the contractor who purchased it was himself a dealer in the same material. Section 2463, Kentucky Statutes, giving a lien to any person furnishing material for a building, it does not matter that the contractor, subcontractor, architect or authorized agent is himself a handler of the same material as that furnished by the person asserting the lien, or that he furnishes some of the material used in the building, if he is also the contractor in the construction of the building.

B. M. LEE for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming..

Following the unroofing of the Spring View Hotel, of Georgetown, by a cyclone which visited that city in October, 1909, the appellant, J. J. Caden, owner of the property, contracted with one Ben L. Dixon to do the work of replacing the roof with material known as galvanized iron, to be furnished by him; Dixon being a contractor in the business of roof construction and a dealer in roofing material.

After beginning work upon the hotel roof, Dixon discovered that he did not have enough galvanized iron to complete the work; through one of his employes he purchased of the appellee, Allen, Clark, Peters Hardware Company, a corporation engaged in the business of selling hardware, and roofing material, and in the work of roof construction, twenty-five squares of galvanized iron, the quantity required to complete the roof. Appellee at once delivered at the Spring View Hotel the material sold Dixon and it was immediately used by the latter in completing the roof of the building.

At the time of the sale of the material appellee knew it was to be used by Dixon on the Spring View Hotel roof, and its manager, Peters, charged it to Dixon on the company's books as for use on that building, but without indicating the price, as he did not then have time to look up the cost price.

A few days after purchasing and using the material in question, Dixon called at appellant's store for the purpose, as he said, of paying for it, but did not do so, claiming he did not have time to wait until appellee's bookkeeper made out the bill, which amounted to $90.00. Three days after his visit to appellee's store, Dixon became a voluntary bankrupt.

Soon thereafter, and within the time prescribed by Section 2468 Kentucky Statutes, appellee filed in the office of the clerk of the Scott County Court and caused to be recorded, the verified statement in the required form, necessary to acquire a material man's lien upon appellant Caden's property, the Spring View Hotel, for the price of the material sold Dixon, as allowed by Section 2463, Kentucky Statutes, following which it instituted this action for its enforcement.

Appellant filed an answer of two paragraphs, the first containing a traverse, and the second, averments to the effect that when Dixon undertook by contract to

replace the roof upon the Spring View Hotel he represented to appellant that he had on hand the galvanized iron to complete the work; that if he obtained of appellee a part of the material for the roof it was unknown to appellant; and that upon the completion of the roof he (appellant) paid Dixon in full therefor according to the contract price, without any knowledge of the fact that the latter was owing appellee for any part of the material used in the roof.

By an amended answer appellant interposed the further defense that the material obtained by Dixon from appellee and used in the roof was merely borrowed and was to be paid in other like material, of like quantity, to be furnished appellee by Dixon. The amended answer contains the further averment that the transaction in question, although Dixon may have agreed to pay appellee in money for the roofing material obtained of it, was but the furnishing of such material by one material man to another, and, therefore, no lien for the purchase price could result under the statute.

The affirmative matter of the answer as amended was controverted by reply, and following the taking of proof by the parties and a submission of the case, the circuit court rendered judgment declaring appellee entitled to a lien upon the hotel property and directing its sale, or enough thereof, to satisfy its debt and costs. Appellant being dissatisfied with the judgment, prosecutes this appeal.

The principal question to be decided is, did the fact that both appellee and Dixon were dealers in roofing material, prevent the former from asserting a lien under the statute, for the material it furnished the latter for use in constructing appellant's roof under his contract to perform the work of construction, and also to furnish the material for the roof? The statute, Section 2463, provides:

"A person who performs labor or furnishes material in the erection, altering or repairing a house, building, or other structure, * * * by contract with or by the written consent of the owner, contractor, sub-contractor, architect, or authorized agent, shall have a lien thereon, and upon the land upon which said improvements shall have been made * * *."

Appellant's answer admits that Dixon was a contractor, and this is necessarily so, for he undertook, for a specified compensation, the entire work of constructing

appellant's roof and also to furnish all the material necessary for use in its construction. The statute gives a lien to any person furnishing material for a building, by contract with the owner, a contractor, sub-contractor, architect, or authorized agent. It does not matter that the contractor, sub-contractor, architect or authorized agent is himself also a handler of the same material as that furnished by the person asserting the lien, or that he furnishes some of the material used in the building.

In Charles H. Connor, etc., vs. Mason, 143 Ky., 635, we held that a material man who sells material to a contractor on the credit of the contractor alone and without knowing on what house the material is to be used, has no lien on the property on which the material is used; and that to have a lien the material man must furnish material for a particular house.

In Hightower vs. Bailey and Koehner, 22 R., 88, we held that the material man acquired no lien upon the property in which the material furnished by him was used, because he did not sell it to the contractor or a sub-contractor of the building, but to an intermediate material man who had agreed to furnish it to the contractor. In Ed Blanton & Co. vs. Brandenburg 143 Ky., 651, we also held that the material man was not entitled to a lien because the material furnished by him to the contractor of the building was by agreement between them to be repaid by the contractor in rough lumber. But these cases do not sustain appellant's contention in this case, because it is apparent from the evidence here that the material furnished by appellee to Dixon, the contractor, charged with the work of constructing appellant's roof, was furnished for the specific purpose of being used in the construction of the roof of the building known as the Spring View Hotel. Therefore, the material was furnished for the specific purpose named in the statute, viz: for the construction of a building, etc., and was so used. Moreover, it is further apparent from the evidence that the sale of the material was not made with the view of its being paid for in other like material, but with the intention upon the part of the appellee that the price thereof would be paid in money, and upon the assurance of Dixon that it would be so paid. In view of these facts, appellee had the right under the statute to the lien asserted by it.

It is true that Dixon in giving his testimony intimated that he understood he had the right to pay appellee for

the material it furnished him in money or in like material, but he admitted that after using the material he went to appellee to pay for it in money and was only prevented from doing so by the inability of Peters, appellee's manager, to make out the bill at that time. On the other hand, Peters positively testified that the material furnished by appellee was sent to the Spring View Hotel upon Dixon's order, made through one of his employes, and upon Dixon's assurance that he would call and pay him for the material; and that the price of the material was charged to Dixon that way; "charged to him as the Spring View Hotel job."

Peters also testified that Dixon called some days after the material was furnished to pay for same, but that he (Peters) was so engaged at the time that he could not make out the bill, and that Dixon left with the the statement that he would return later and pay it; but as he did not do so, Peters, within a few days, filed in the clerks's office appellee's lien for same, as provided by the statute, and which, at the time of selling the material to Dixon, he had intended doing in the event the material was not promptly paid for by Dixon.

The facts upon which this case rests bring it within the statute, as interpreted by numerous cases decided by us. Browinsky vs. Pickett, 24 R. 305; American Radiator Co. vs. McKee, 140 Ky., 105. In other words, the statute clearly gives a lien to one furnishing material to a contractor to be used, as was this material, in a building; and it being admitted in this case that Dixon was such contractor, and shown that the material was furnished for use in appellant's building and was used therein, there can be no doubt of the correctness of the judgment rendered by the Circuit Court. Wherefore, it is affirmed.