## Menne v. American Radiator Company.

(Decided October 23, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Materialmen's Lien—Action to Enforce—Installing Boiler—Provision of Statute.—Installing a boiler in a dwelling house is such an improvement, and the boiler, the character of material, for which section 2463 Kentucky Statutes, allows a lien.

2. Same—Use of Boiler For Particular Building—Evidence.—The contention that it was not made to appear that the boiler was furnished for a particular building is not sustained by the evidence. The evidence shows that the boiler was intended for appellant's residence, and that appellee looked to him for the price of it, and it also shows that the boiler described in the petition was the boiler installed in the house.

3. Same—Statement of Lien.—The contention that the statement of lien was filed by a volunteer and not by appellee is untenable. Attkisson filed it as appellee's attorney, and appellant's answer does not make sufficient denial of his authority, and no proof was introduced to overthrow the prima facie showing of such authority.

TAYLOR & McKEE for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment enforcing a materialman's lien for $197.75, with interest from Decem-

ber 1, 1909, asserted by appellee, upon a house and parcel of ground in Jefferson County owned by appellant; and directing its sale in satisfaction of the sum and interest mentioned, together with the costs of the action.

The amount in question was the price of a boiler which appellee claimed to have sold and delivered appellant in November, 1909, to be used in heating the latter's dwelling house situated on the lot referred to. The boiler was purchased by appellant through Jacob Meyer, a plumbing contractor, who installed and put it in operation in appellant's house, in the place of an old boiler, which had become worthless from long use. Meyer became insolvent and left the State; before doing so, however, he obtained from appellant the price of the boiler due appellee, but instead of paying it to the latter, appropriated it to his own use. Appellee filed and asserted a lien upon appellant's property under section 2463, Kentucky Statutes, and later brought this action to enforce it.

Following a reference of the case to the commissioner of the Jefferson Circuit Court, appellee took before him the depositions of various witnesses in support of his claim and lien, but no proof was taken or offered by appellant. The commissioner, as shown by his report, found in favor of appellee on all the issues of fact made by the pleadings. Exceptions to the report were filed in the circuit court by appellant, but, as appears from the judgment appealed from, they were all overruled and the report confirmed.

Appellee contends that the judgment should be reversed because:

First—Neither the boiler installed in his residence, nor the use made of it, constitutes it the character of material for which the statute allows a lien;

Second—It was not made to appear that it was furnished for a particular building;

Third—It was not made to appear that the boiler described in the petition was the same installed in appellee's house;

Fourth—That the statement to secure the lien was filed by a volunteer and not by appellee, or in his behalf.

Appellant's first contention finds its refutation in the language of the statute, section 2463, which provides:

"A person who performs labor or *furnishes materials* in the *erection,* altering or *repairing* a house, building or other structure, or for any *fixture* or *machinery* therein, or for the excavating of cellars, cisterns, vaults, wells, or for the *improvement, in any manner,* of real estate by *contract with,* or by the written consent of the *owner, contractor, subcontractor,* architect or authorized agent, shall have a lien thereon, and upon the land upon which said *improvements* shall have been made or any interest such owner has in the same, to secure the amount thereof with costs."

Manifestly the boiler, which is admittedly used in heating appellant's house, was material for *repairing* the house, as it supplied the place of the old one worn out, and it is also both a *fixture* and *machine.* But if so far improperly classified, in any event, there is no reason for saying it was not furnished for the *improvement in any manner* of the property. It certainly comes under the designation last mentioned for it is a permanent and necessary part of the building. 27 Cyc., 38; Kelly v. Border City Mills, 126 Mass., 148.

Appellant's second contention is also unsustained by the record. The commissioner found that the boiler was sold and shipped by appellee, with knowledge on the part of its manager, Butler, that it was for appellant and was to be set up and used in his residence. This he knew from Meyer, the contractor, and through a conversation had with appellant over the telephone. Butler was corroborated as to this by McMillen, and by the bill of lading for the boiler. In other words, the evidence shows that appellant purchased the boiler; that it was accredited, by a rule of trade, to Meyer, but intended for appellant's residence, and that appellee then knew Meyer to be unworthy of credit and looked to appellant for the price thereof, but also relied on his right to the statutory lien as security for its payment.

As said in Caden v. Allen, Clark, Peters Hardware Company, 147 Ky., 430:

"The facts upon which this case rests bring it within the statute, as interpreted by numerous cases decided by us. Browinsky v. Pickett, 24 R., 305; American Radiator Co. v. McKee, 140 Ky., 105. In other words, the statute clearly gives a lien to one furnishing material to a contractor to be used, as was this material,

in a building; and it being admitted in this case that Dixon was such contractor, and shown that the material was furnished for use in appellant's building and was used therein, there can be no doubt of the correctness of the judgment rendered by the circuit court." * * *

Appellant's third contention is wholly without merit. The finding of the commissioner that the boiler sold by appellee and described in the statement for the lien and petition, was installed in appellant's residence, is fully sustained by the evidence. The way bill, as well as appellee's sale book, shows that the boiler was marked "American Radiator Company, Chicago, W. 28-6," and the boiler installed in appellant's residence was marked and numbered in the same way; there can, therefore, be no doubt of its being the boiler sold by appellee. The identification is complete.

Appellant's fourth contention is based on purely technical grounds and is, in our opinion, untenable. The denials of the answer do not controvert the fact that the statement necessary to the obtention of the lien was filed in the clerk's office; they indirectly controvert the sufficiency of the statement, in that it is claimed, it does not show that E. R. Attkisson, by whom it was verified and filed, had authority to file it.

An agreement of record waived the taking of the county clerk's deposition, and shows that the statement of lien filed with the petition is an exact copy of the original on file in the clerk's office, and that it was filed as of the date indicated by the clerk's endorsement.

Section 3468, Kentucky Statutes, with respect to the statement required to be filed, in the county clerk's office, provides that it, "shall be subscribed and sworn to by the party claiming the lien, or *by some one* in his behalf." The statement, in this case, was filed and verified for appellee by E. R. Attkisson, its attorney. The affidavit of Attkisson to the statement shows his authority to file it, and prima facie establishes such authority; which, in view of the provision of the statute, supra, allowing it to be filed by *some one* for the claimant, and in the absence of direct proof showing a want of authority, was sufficient to create the lien. Appellant's answer does not make sufficient denial of Attkisson's authority, and he introduced no proof to overthrow the prima facie showing of such authority.

The record presents no ground for disturbing the judgment and it is hereby affirmed.