## GRAINGER & CO. v. JOHNSON. *

## In re VISIBLE MEASURE GASOLINE DISPENSER CO.

(Circuit Court of Appeals, Sixth Circuit. February 16, 1923.)

### No. 3742.

1. **Mechanics' liens ⬅48—Materials furnished "in" building construed as furnished for building.**

In Kentucky mechanic's lien statute (Ky. St. § 2463), giving a lien to a person who performs labor or furnishes material in the erection of a building or other structure, or for any fixture or machinery therein, the clause "in the erection" is not to be construed as distinguished from a similar clause relating to a lien for the improvement of real estate, so as to limit the lien only to materials which have actually been incorporated into the building, but the word "in" will be construed as meaning "for."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, In.]

2. **Mechanics liens ⬅48—Fabricated steel held "furnished for building," though not delivered; "furnished."**

Fabricated steel, which had been constructed specially for a particular building, and assembled in the manufacturer's place of business to verify its correct fit, and which would be valuable only as junk if it could not be used in the particular building, is "furnished for the building," within Kentucky mechanic's lien statute (Ky. St. § 2463), even though it was never delivered to the place where the building was being erected, because the contract was terminated by the owner's bankruptcy, since the word "furnished" means provided for use.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Furnish.]

3. **Mechanics' liens ⬅5—Kentucky statute is to be liberally construed.**

The Kentucky mechanic's lien statute (Ky. St. § 2463) is to be liberally construed.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of the estate of the Visible Measure Gasoline Dispenser Company, bankrupt. From an order denying for the most part the claim of Grainger & Co. for a mechanic's lien, opposed by C. W. Johnson, as trustee in bankruptcy, the claimant appeals. Reversed, and record remanded to the District Court, with directions.

Charles W. Morris, of Louisville, Ky. (Fred Forcht, of Louisville, Ky., on the brief), for appellant.

D. A. Sachs, Jr., of Louisville, Ky., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This is an appeal from an order denying, for the most part, appellant's claimed lien under the Kentucky mechanic's lien statute (Ky. Stat. § 2463), which provides that:

"A person who performs labor or furnishes materials in the erection, altering or repairing a house, building or other structure, or for any fixture or machinery therein, * * * shall have a lien thereon. * * *"

---

The referee's certificate on petition for review contains the following summary of evidence:

"The evidence, in which there is no conflict, shows that the bankrupt about June 16, 1920, entered into a contract with Grainger & Co., the claimant, for the erection of a steel construction addition to its plant on the real property described in the claim, that the claimant proceeded to manufacture, fabricate and prepare the necessary steel parts for the improvement contracted for, cut the steel to the required sizes, bored the necessary rivet holes, and assembled, set up and put together the proposed addition at *claimant's* shop, so that, if any error in the preparation had occurred it might be remedied before transportation to its permanent site; that the materials, after cutting, fitting, and preparation for use in the addition proposed, were valueless, except as junk, for any other purpose; that its value as junk was about $100; that claimant transported and delivered upon the land on which the bankrupt's plant stood materials prepared for use therein, of the value of $200, which were used in building the foundation; that the bankrupt then ordered the work stopped and it was stopped; and that claimant, within the required time filed its statement and claim of lien in the office of the clerk of the county court at Jefferson county, Kentucky, in accordance with the provisions of section 2463 of the Kentucky Statutes." [1]

The opinion of the District Judge states that "the labor performed and the amount of steel thus prepared for the bankrupt's improvements and intended therefor was of the undenied value of $4,197.87," including the $200 in value actually delivered and incorporated into the foundations of the building.

[1] The District Court allowed appellant a lien for the $200 in value of incorporated material, and rejected entirely the claimed lien for the fabricated material not actually incorporated, and for the reason that, in the court's opinion, the expression *"in* the erection," etc., required that conclusion, although expressing the opinion that, had the word "for" been used, instead of the word "in," the case would have been within the statute. The learned District Judge thought it probable that, if the Kentucky Court of Appeals had the question under consideration, it would uphold appellant's claimed lien, adding, however:

"Nevertheless, we do not *know* that such would be the case. For that reason we should, with much doubt and hesitation, yield to the view that this court in this case must construe the statute literally, as we have no authority to enlarge its operation beyond the exact terms used by the Legislature when it enacted it. The statute literally provides for cases where materials are used *'in,'* but not to cases where they are only prepared *'for'* the improvement, but not used *'in'* them."

We think the District Court erred in its construction and application of the statute. In our opinion, the words "in the erection" should be construed as if they read "for the erection." We are not impressed that the word "in," contained in the clause "in the erection," is intended to be *contrasted with* the word "for" in the clause "for the improvement in any manner of real estate." No good reason is suggested why the Legislature should have distinguished between the right to a lien for materials furnished "for the improvement in any manner of

[1] The testimony indicates that, after this assembling and setting up, the structure was "knocked down," pending its removal for use in the building.

real estate" and those furnished "in the erection" of a building. Indeed, the former clause itself would seem broad enough to cover the situation here. Moreover, the Kentucky Court of Appeals has at least impliedly construed "in" as meaning "for." Conner v. Mason, 143 Ky. 635, 638, 137 S. W. 235; Caden v. Allen, 147 Ky. 430, 433, 144 S. W. 66. "The statute gives a lien to any person furnishing material for a building," etc.

[2] The controlling question would thus seem to be whether, under the Kentucky statute, materials, in order to be "furnished" for the construction of a building, must, if not actually incorporated or used therein, be at least delivered upon the premises, or whether such materials should be regarded as "furnished" if actually made or fabricated therefor in shop, and therein retained ready for and in preparation solely for such installation. This specific question has not been passed upon by the Kentucky courts. It is merely one of legislative intent, whose determination depends largely upon whether the statute was intended to be strictly construed, as in derogation of the common law. or as a remedial statute, and so to be construed liberally.

[3] The Kentucky decisions, in our opinion, indicate a view that the statute should be liberally construed. Passing by cases such as Fowler v. Pompelly, 76 S. W. 173, 25 Ky. Law Rep. 615, and Menne v. American Co., 150 Ky. 151–153, 150 S. W. 24, which, though not directly in point upon the meaning of the word "furnish," are cited as indicating a general liberality of construction: In Avery v. Woodruff, 144 Ky. 227, 137 S. W. 1088, 36 L. R. A. (N. S.) 866, the Kentucky Court of Appeals sustained a lien for lumber used in making molding frames for concrete work, although the forms were not incorporated in the building and were useless except for the purpose stated, and on the ground that the statute does *not* require that the labor performed and material furnished shall *become a part of and remain in the building* after its completion. While this decision does not directly answer the question whether materials may be "furnished" within the meaning of the statute, unless at least delivered on the premises, it does conclusively determine that to constitute a furnishing of materials therein, actual incorporation in the building is not required, thus in itself indicating a commitment to a liberal construction of the statute, confirmed not only by the quotation with its approval of the decision in Joplin v. Shade, 137 Mo. App. 20, 23, 118 S. W. 1196, 1197, that "the rule that calls for a strict construction of statutes in derogation of the common law is not applicable to the mechanic's lien statutes,"[2] but especially by quotation with approval of the statement of the Kentucky Court of Appeals in Waddy Blue Grass Co. v. Rankin, 103 Ky. 579, 584, 45 S. W. 895 (20 Ky. Law Rep. 259) that:

"The statutory lien given the mechanic, while in derogation of the common law, is still within its spirit, and is the outgrowth of the spirit of encouraging general improvement. Its history is that of enlargement and extension in the thing covered, the persons entitled to the lien, as well as a liberality in construction of the statutes, so as to pay the laborer his hire."

[2] Using this language: "The better doctrine now is that these statutes are highly remedial in their nature and should receive a liberal construction, to advance the just and beneficent objects had in view in their passage."

We therefore find nothing opposed to such liberality in the statement in Doll v. Young, 149 Ky. 347, 149 S. W. 854, that the security afforded to mechanics and material men by the statutes of the several states has no recognition in the common law, but rests and must find its support in the statute creating the lien security, and that the language of each particular statute, therefore, must govern its interpretation, without change by or aid from the judicial declarations of other jurisdictions. In our opinion it logically results from the Kentucky decisions to which reference has been made that the structural steel not physically incorporated in the building was material furnished for the erection of the building within the meaning of the Kentucky statute. One of the most common definitions of "furnish," both as given in the dictionary and as employed in popular and general use, is "to provide for use." As already said, the statute should be construed as if it read "furnished for the erection" of a building. The steel in question was certainly *provided* for such use, and for no other. It has never been diverted from such use. It has always been held therefor. The record indicates that it is valueless for any other purpose, save junk. As said by the learned District Judge:

"The material to the extent indicated was very expensive, as was the labor bestowed upon it, and all this material and labor had been devoted to the performance of the contract of Grainger & Co. in the improvement of the structure for which it was designed and for an addition to and improvement of the structure on the bankrupt's premises. There is thus presented a case of great hardship."

In a very proper sense the steel was as much "*provided* for use in the erection" as were the mold forms involved in Avery v. Woodruff, supra, which, while used as tools or equipment were not incorporated in the building. The lien should therefore be allowed, unless defeated for failure to deliver the steel *on the premises.* But there is no express statutory requirement of delivery on the premises. If such requirement is to be found it can only be by reading it into the statute. Moreover, if delivery of some sort were required a finding of such delivery (at least constructively) to the owner, and so binding on the bankrupt and its general creditors, is fairly susceptible of support by the referee's summary of evidence. So far as concerns other claimants, an inference would on the face of the record seem permissible that the furnishing by claimant of the steel so far as already needed, and its incorporation into the building, so far as yet constructed would be enough to charge such other lien claimants with notice of the present claimant's relations towards the construction of the building, if, indeed, such claimants did not otherwise know it.

While we recognize that there are authorities opposed to the statutory construction we are disposed to adopt (perhaps due largely to strict interpretation of such statutes), there is respectable authority expressly in point sustaining the construction we are inclined to adopt. In Hinchman v. Graham, 2 Serg. & R. (Pa.) 170, lumber furnished for a building, though delivered at the carpenter's shop at a distance from the building and never used therein was held to constitute a lien under the Pennsylvania statute, which provided for such lien with respect to materials "for or in the erecting and constructing" of a building—lan-

guage not, to our minds, distinguishable from the Kentucky statute as we have construed it. Here, as there, the materialman had done all he could do to make delivery. As said by one of the judges:

"Is there any magic in the spot where these materials are first deposited, which can attract to itself the lien?"

In Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479, it was held that·the lien of a mechanic for material furnished, who procures the material for the construction of a building, cannot be defeated by reason of its delivery in accordance with the wish of the owner of the house at some other place than where the house is being erected. After such material is prepared for the building, though it be not delivered on the ground, that fact will not defeat the lien for its value, if the mechanic, being ready to deliver at the building, is prevented by the owner of the improvement, who violates his contract and refuses to receive it.

In Howes v. Reliance Co., 46 Minn. 44, 48 N. W. 448, it was held that where material required for the construction of a building is prepared or manufactured therefor by a contractor in conformity with the terms of a contract between him and the owner, and the work of preparation and furnishing proceeds at the yard or shop of the contractor, with the express or implied consent of the owner, such work of preparation and manufacture should be deemed a part of the construction for furnishing under the contract, and that it is thus immaterial as between the parties to the same with respect to lien that the work was not done on the premises. In Burns v. Sewell, 48 Minn. 425, 51 N. W. 224, a similar holding was made. The Minnesota statute seems to differ from the Kentucky statute (so far as here important) only in the expression "for erecting" instead of "in erecting." See, also, Minneapolis Co. v. Hedden, 131 Minn. 31, 154 N. W. 511.

The record here does not present claims of priority over appellant on the part of other lien claimants. Whether such priorities are claimed does not appear. In view of the considerations we have adduced, and our conclusions as above expressed, the order denying appellant's claimed lien is reversed, and the record remanded to the District Court, with directions to take further proceedings herein not inconsistent with this opinion. There will remain open for further consideration by the District Court the question of the bankrupt's acquiescence in the shop delivery of the steel, and what liens of other claimants, if any, are prior to appellant's lien in whole or in part, and in fact and in law. If appellant's claimed lien for the value of the labor and materials not incorporated in the building be finally established, the fabricated steel will, of course, belong to the bankrupt's estate.