## HOLLOSTONE CO. OF MIAMI v. KLEMENTS, et al.

### No. 61 C 1705.

Circuit Court, Dade County.

November 28, 1961.

Waldo G. Rothenberg, Miami, for plaintiff.

H. Barrow Cagle, Miami, for defendant Walter S. Klements.

Edward P. Swan, Miami, for defendant Patricia S. Cook.

PHILLIP GOLDMAN, Circuit Judge.

This is a suit to foreclose a mechanic's lien on certain described real property. The matter is before the court for final disposition

on the issues made by the pleadings. At the final hearing, which was attended by the parties and their attorneys, the court heard the testimony presented and since that time has examined the documentary evidence. On the basis of the foregoing the court finds the facts material to its determination to be as follows —

On or about May 12, 1960, the plaintiff, Hollostone Company of Miami, entered into a contract which purported to be with the defendant Patricia S. Cook. The contract was executed by the defendant, Walter S. Klements, an architect, for Mrs. Cook. The subject matter of the contract was "precast concrete twin T floor and roof units" for a two story store building. The face amount of the purchase was $4,808.97, including sales tax, delivery and installation charges. The plaintiff corporation notified Mrs. Cook, through her representative, on June 1, 1960, that the units were ready for delivery. Mrs. Cook (who did not acquire the property sought to be charged with the lien until August 1, 1960) informed the plaintiff that she would not accept the units. Hence, they were not delivered.

Thereafter on or about August 23, 1960, the plaintiff filed its claim of lien and in due course this suit followed.

Although the pleadings and the evidence give rise to several questions, the determinative one would seem to be whether the material which was the subject matter of the contract in question was "specially fabricated" by the plaintiff within the meaning of chapter 84, Florida Statutes.

This is so because it is conceded that the materials in question were not incorporated in the improvement. Hence, they must qualify, if at all, as "specially fabricate[d] materials for incorporation in the improvement . . " (§84.01, F.S.)

At first blush a literal application of the statute to the materials described in the contract seems to require a determination that the materials were "specially fabricated". However, as is often true with most statutes and almost always true with the mechanics' lien statute, it is not safe to rely upon a literal reading of the statute.

Although dealing with a somewhat different subject matter (cancellation of a contract for the construction of a swimming pool), the Supreme Court in Surf Properties, Inc. v. Markowitz Bros., Fla., 75 So. 2d 298, was called upon to construe the phrase in question. After noting the distinction between *specially ordered* material and *specially fabricated* material, the court proceeded to state (75 So.2d at 302) —

"All of the cases which we have noted show clearly that materials which are 'specially fabricated' for an improvement include only materials which are 'not generally suited for nor readily adaptable to use in' a like improvement, Lehigh Structural Steel Co. v. Langner, Inc., supra, 43 So.2d 335. Thus, as shown in the annotation in 33 A.L.R. at page 320, in Grainger & Co. v. Johnson, 6 Cir., 286 F. 833, 33 A.L.R. 315, the material involved, and for which a lien was granted, was fabricated steel specially prepared for a building and which would have been little more than junk if not used for that particular building; in Berger v. Turnblad, 98 Minn. 163, 107 N.W. 543, the materials were special designs, models, and casts to be used in placing ornamental plastering in a house and which were not fitted for use elsewhere; and in Howes v. Reliance Wire-Works Co., 46 Minn. 44, 48 N.W. 448, the material was a special heavy wire inclosure specially constructed to fit an elevator shaft in plaintiff's building."

An analysis of the Surf Properties case and the authorities therein cited (and quoted above) leads this court to the conclusion that the test of special fabrication *within the meaning of the mechanics' lien law* is whether or not the material in question would have a value of "little more than junk" if not used for the particular building and purpose for which it was ordered.

Perhaps at this juncture it should be noted and emphasized, that the primary question here is not whether the plaintiff is entitled to damages from one or more of the defendants but whether the land (not even owned by the defendant Cook when delivery was tendered) is to be charged or specially burdened with a lien. As the Supreme Court pointed out in the Surf Properties case (75 So.2d at 302) —

" . . . The purpose of statutes such as our Mechanics' Lien Law is to charge the land for labor and materials going into an improvement thereon, and thus *actually enhancing the value of the land;* and the provisions of section 84.01, supra, respecting 'specially fabricated' materials, is but a recognition of the *exception* to this rule . . " (Italics added.)

*A clear showing to qualify for this exception would seem to be essential.*

In the instant case, although stating that the plaintiff corporation would suffer a loss if it had to dispose of the materials in question on the open market, the plaintiff's representative conceded (and there was other evidence to the same effect) that the

precast materials in question possessed considerable monetary value and could be used elsewhere.

That being so, the court finds that the property in question was not "specially fabricated" within the meaning of the mechanics' lien law (chapter 84, F.S.) and, therefore, no lien may be awarded the plaintiff against the property sought to be charged.

In the absence of an award of a lien, the court lacks the power to retain jurisdiction for the purpose of entering a money judgment or decree against the party or parties liable. See Surf Properties Inc., v. Markowitz Bros., Inc., Fla., 75 So.2d 298, Lehigh Structural Steel Co. v. Joseph Langner, Inc., 43 So. 2d 335, Shad v. Arnow, 155 Fla. 164, 19 So.2d 612.

The premises considered, it is accordingly ordered and decreed as follows —

(1)  This cause be and it is hereby dismissed without prejudice to an appropriate proceeding against appropriate parties being instituted at law for damages.

(2)  Each party to bear their respective costs.